IYiieklee, J.
The, exceptions to the answer were, we think, rightly •sustained. After service and pending the injunction the defendants could not legally make payment of the judgment to Coleman & Simms. Such payment •would not release them from ultimate; liability to the plaintiff in casi; lie established his right to have execution of the judgment as between himself and the nominal beneficiaries therein, nor could it in any manner affect the rights sought to be enforced by the plaintiff in this suit. The alleged paj’mont, if mail» by the defendants after notice of the injunction served up'on them, was in their own wrong, and cannot avail (hem as against the plaintiff. To have, been effectual as a release from their liability, and to have availed them as a defense, the payment must have been made before the defendants had notice1 of the; in— junction, and that it was so made must have been averred. Yet the answer contains no such averment. Though till'd more than a year anel a half after notice legally served upon them, it contains the averment simply that the judgment ‘"has been fully paid,” &e., referring to the records of that court, but without averring the time of payment. If It were noci'ssary in support of the judgment, we would, perhaps, be authorized to presume that the court inspected (he record thus brought to its notice by the; answer, and found that it did not support the defense;. But it is sufficient to sustain the judgment of the court upon the sufficiency of the answer that it does not state when the payment was made.
The; remaining error assigned is to the rendition of judgment iina.1 upon sustaining the exceptions to the answer. Had the defendants asked leave to amend, that right must have bee.u allowed them upon the same; principle on which a plaintiff is allowed to amend after exceptions sustained to his petition. (Jennings v. Moss, 4 Tex. R., 452.) But the. obvious answer to this assignment of error is that the defendants did not ask leave or indicate a willingness to amend. It was therefore proper to rentier a judgment final against them. (Bell v. Morehead, 3 A. K. Marsh. R., 158.) The judgment is affirmed.
Judgment affirmed.