BENJAMIN J. FORTSON'S ADMINISTRATOR V. DANIEL CALDWELL.

A plea of partial failure of consideration, from a defect of title to part of the land for which the note sued on was given, should show the defect or superior outstanding title; it is not sufficient to allege that a suit has been commenced against the defendant for part of the land, by a third person, without averring that such third person had a superior or indeed any title.

Where a vendor's lien is to be enforced against the estate of a deceased person, it is not proper for the District Court to order process to the Sheriff to sell the land; but judgment should be entered for the amount, and establishing the lien, with an order that the same be certified to the Probate Court to be paid in due course of administration; and the order of sale can be there obtained under the provisions of Art. 1168, Hart. Dig.

Appeal from Navarro. Tried below before the Hon. Henry J. Jewett.

This was a suit brought on a promissory note for $2,445, which was given by Benjamin J. Fortson to the appellee in part payment of lands purchased by said Fortson from appellee. The suit was originally brought by appellee against Fortson; subsequent to the filing of the suit Fortson died and his widow, as administratrix, was made a party; before the final decision of the suit, she resigned the administration, and the present appellant William B. Pillow was appointed administrator and made the party defendant.

The plaintiff claimed a lien upon the land, for which the note was given; alleged that he had always been ready to convey the same; filed a deed therefor among the papers of the cause, and prayed the Court to decree the sale of the land for the enforcement of the same.

The defendant answered that there was a partial failure of consideration, because the plaintiff was sued for part of the same land by another party, and his title was therefore doubt-

ful ; that the enforcement of the lien would greatly damage intestate's estate ; and offered to pay the amount of the note in due course of administration, and excepted to the prayer of plaintiff to sell the land.

The plaintiff excepted to the answer.  The Court overruled the exceptions of defendant to the petition and sustained the plaintiff's exceptions to the answer.  There was judgment for the plaintiff and a decree for the sale of the land to pay the same.

*Harrison* and *Neblett*, for appellant.

*D. Caldwell*, for appellee.

WHEELER, J.  The answer of the defendant was manifestly insufficient as a plea of failure or partial failure of consideration.  It did not show, by averment, any defect of title in the plaintiff, in respect of the whole, or any part of the land contracted to be conveyed ; nor any outstanding title.  The averment that the defendant had been sued for a part of the land, by a third person, without averring that such third person had a superior, or indeed any title to the land, was no answer to the action.  The suit may have been collusively brought, for the purpose of delaying the plaintiff in the collection of the purchase money.  Nor was the offer to pay the purchase money, in the due course of administration, any answer to the action ; which was brought, not only for the recovery of the money, but the establishment and enforcement of the vendor's lien.

There is no error in the judgment, so far as it ascertains and fixes the amount of indebtedness and establishes the vendor's lien.  But it is believed to be more consonant to the spirit and intention of the law regulating the settlement of the estates of deceased persons, that the enforcement of the lien should be effected by proceedings in the Probate Court under the provis-

ions of Article 1168 of the Digest, than by a writ issued directly from the District Court. It was proper for the District Court to give judgment establishing the lien. But instead of awarding execution, the judgment should have been ordered to be certified to the Probate Court to be settled in the due course of administration ; and the order of sale would be there obtained under the provision of the law, to which we have reference. Such was the judgment of this Court in the case of Robertson v. Paul, (16 Tex. R.), and it is believed to be the better practice. The judgment, therefore will be in so far reformed as to conform to this opinion.

Judgment reformed.