JOHN P. COLES' ADMINISTRATORS v. DAVID Y. PORTIS.

An amendment alleging the presentation of the account sued on duly authenticated, and its rejection by the administrator, before suit brought, is not subject to defences that may have intervened since the suit, and therefore limitation does not run in such case to the date of the amendment.

The question is renewed in the Opinion in this case, whether it is necessary to allege in a suit on a claim against an estate, that it has been presented to the administrator duly authenticated and rejected by him, whether it is not sufficient to prove it at the trial, under the usual allegations of refusal to pay.

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

*A. M. Lewis*, for appellants.

*Sayles* and *Giddings*, for appellee.

HEMPHILL, CH. J.   This is a suit against the appellants, as adm'rs of the estate of John P. Cole, dec'd, for alleged professional services rendered by appellee.   There was judgment against the appellants for one hundred and fifty dollars.   The petition was filed in April, 1850.   Appended to the petition was an account charging one thousand dollars for services, but not authenticated as required by Art. 1158, as pre-requisite to its being presented to the administrators or Chief Justice for approval.   In September, 1852, the petition was amended by averring that the account was presented to the administrators, their refusal to allow the same, and a copy of the account was annexed, showing that it was proven by affidavit before the Chief Justice on the 11th May, 1849.   It was proven by Mr. Giddings that he presented the account (accompanied with the affidavit as set forth in the exhibit to the amended petition) within three months prior to the commencement of the suit.

The principal question in the case is, whether the amended petition pleading the account as authenticated by affidavit, was setting up new cause of action ; if so the suit was barred by limitation.

The Court instructed the jury to the effect, that the amendment did not set up a new cause of action, and that if the original petition was filed within three months after the account was presented, it was sufficient.   In this it is believed the Court did not err.

The account was, throughout, the cause of action.   This must be presented with the proof, and disallowed, before suit can be brought in the District Court.   These are pre-requisites to the suit, but they do not constitute the cause of action ; and if alleged at any time before trial, it will be sufficient.   It is very questionable whether the suit might not have been maintained and the evidence adduced under the original petition.   In that the refusal of the administrators to allow and pay the account, though often requested, is alleged.   Under such allegations it is believed that proof could be adduced that the claim was pre-

sented in the mode required by law. The Statute declares that suit must be brought within three months after the claim is rejected. Yet the fact as to time is not alleged. It is sufficient (when the objection is raised) if it appear by proof, that the bar of limitations was not complete. There appears no more necessity to allege the authentication than the date at which the account is presented. But at all events, the defect, if any, was cured by the amendment, not setting up as is supposed, a new cause of action upon which judgment was to be claimed in the District Court, but stating the mode in which the claim had been presented to the administrators. Claims are presented, that an administrator may know the condition of the estate and pay just demands without suit or costs. The affidavit is for the benefit of the administrator, but it is not conclusive for him if he accepts ; and if he rejects, it becomes wholly useless to the creditor. It does not furnish him a tittle of evidence in support of the truth, justice or lawfulness of his claim. At most it shows only that the claim was not wanting in legal formality when presented to the administrator ; but it furnishes no more basis or title to recover judgment on the claim, than if it were a piece of mere waste paper. The averment of the fact of affidavit, is not a statement of a cause of action in the legal sense in which those terms are employed when we speak of setting up a new cause of action.

The other points in the cause require no comment. It was for the jury to determine upon the weight of the testimony, the credibility of witnesses, &c. The jury were, at the instance of defendants. charged that if the plaintiff's fee was conditional, to take a part of the land if recovered, and the suit was lost, he was not entitled to anything ; and with this charge and the evidence before them, their verdict cannot be held so contrary to evidence as to require reversal.

Judgment affirmed.