HUGH K. McDONALD AND ANOTHER v. C. D. TINNON AND ANOTHER.

Where a demurrer to a petition for injunction, under oath, has been sustained, the plaintiff has a right to amend as in other cases.

It has often been held by the Court, that it is contemplated by our system of pleading to embrace the facts of the case in the petition and answer, and in such amendments thereto as may become necessary; and that to make an issue upon the facts set forth in the answer, it is not necessary to file a written denial of them. This applies to a plea in reconvention.

Appeal from Bastrop. Tried below before the Hon. Thomas H. DuVal.

The facts are stated in the Opinion.

*Hancock & West,* for appellants.

*C. C. & A. D. McGinnis,* for appellees. It is not the practice of the country to permit a party to amend a petition for injunction, after it has been sworn to and answered; for it is presumed a party has stated all the facts in the original petition, that he could swear to.

. In answer to third assignment of error, it is sufficient to say, that the Court had already decided, that the allegations and averments in said petition, admitting them to be true, conferred no right on the appellants to enjoin the appellees, from running their ferry boat; and the only question left for the jury to determine, was the amount of damage the appellees, or plaintiffs in reconvention in the Court below, had sustained by being

stopped by injunction wrongfully sued out by appellants, from running their ferry boat.

ROBERTS, J.   This was a suit by appellants, for an injunction to restrain appellees from using a ferry, for their own profit, across the Colorado river at the town of Bastrop.   Appellees filed exceptions to the petition, and also a plea of reconvention, claiming damages against appellants for having wrongfully sued out the writ of injunction.

The Court sustained the exceptions to the petition, refused to grant the appellants leave to amend, and submitted the cause to the jury upon the plea of reconvention.   There was no decree of the Court, dissolving the injunction, but a regular trial of the cause upon the cross-bill or plea of reconvention.   Appellees obtained a verdict and judgment for five hundred and sixty-two $\frac{50}{100}$ dollars, from which an appeal was taken to this Court.

Out of the numerous errors assigned, it will be necessary to notice only one or two.   After the exceptions to the petition were sustained, appellants asked leave to amend; which was refused by the Court.   No reason appears in the record why the Court refused to permit it.   What effect such amendment might have had upon the writ of injunction already granted need not now be considered; but the plaintiff certainly had the right to amend so as to perfect his cause of action if the case was capable of it, upon presenting his amendment in a reasonable time so as not improperly to delay the progress of the cause.   We cannot say, from anything exhibited in the case, that he could not have done so.   (Hollis v. Border, 10 Tex. R. 360.)

The Court in effect charged the jury that all they had to do was to assess the damages sustained by the appellees; and hence they, in accordance with said charge, brought in a verdict, not finding the issue in favor of the defendants or their plea of reconvention, but for the damages sustained by them.   That this was certainly the view taken of the case by the Court below is made manifest by a refusal to give a part of the ninth charge asked by the plaintiffs.   The part of the charge refused was as follows, to wit:  "Plaintiffs asked the Court to charge the jury, that by force of the law all the allegations set out in the defendants' reconvention stand denied by plaintiffs, though they have put in no plea denying said allegations and charges; and to entitle defendants to recover they must have proved their said allegations and charges."

It has often been held by this Court that it is contemplated by our system of pleading to embrace the facts of the case in the petition and answer, and in such amendments thereto as may become necessary; and that to make. an issue upon the facts set forth in the answer, it is not necessary to file a written denial of them.

The Court therefore erred in its decision, and should have granted a new trial upon the motion of appellant setting forth that ground specially among others. Judgment is reversed and cause remanded.

Reversed and remanded.