SNEAD HARRIS v. L. W. CATO.

An answer pleading a partial failure of consideration of a promissory note, not under seal, under the act of February 3rd, 1846, (O. & W. Dig., 93,) allowing defendants to make such pleas, need not be verified by affidavit.

The above recited act is neither repealed nor anywise affected by the subsequent act of February 2nd, 1858, (O. & W. Dig., art 1817,) dispensing with the use of seals and scrawls in certain cases.

The object of the act of February 2nd, 1858, was to dispense with a mere formality in the execution of a certain class of contracts; as by the common law, these instruments, when under seal, imported a consideration, it was provided by this act, that the same effect should be given to them, when subsequently executed without a scrawl or seal.

This law had no reference in any of its provisions to promissory notes not under seal. They imported a consideration already, and this law made no change with reference to them in this respect.

ERROR from Hill. Tried below before the Hon. N. W. Battle.

Suit by defendant in error, L. W. Cato, on a promissory note, not under seal. Snead Harris, plaintiff in error, pleaded a partial failure of consideration of the note sued on. Cato excepted to the answer on the ground that it was not sworn to. The exception was sustained and there was a verdict and judgment for Cato. A writ of error was prosecuted by Harris.

*Snead Harris*, for himself.

*Aycock & Stewart*, for defendant in error.

MOORE, J. The ruling of the court in refusing the order of survey was based, no doubt, upon the supposed insufficiency of the plea impeaching the consideration of the note sued on. If the court below had regarded the plea as sufficient to put in issue the boundary of the land, in part payment of which the note was given, the order of survey would, we suppose, have been granted. It is, therefore, only necessary for us to consider, as the case is now presented, the ruling on the exception to the plea of defendant

Harris v. Cato.

below alleging a failure of consideration of the note on which this suit is founded.

The plea was excepted to in the court below because it was not verified by affidavit, and although the note, the consideration of which was sought to be impeached, was not under seal, the court sustained the exception. This was unquestionably erroneous, unless, as is insisted by defendant in error, the act of April 3d, 1846, allowing defendants to plead a partial failure of consideration, (O. & W. Dig., art. 93,) is in effect repealed by the act of February 2nd, 1858, to dispense with the use of scrawls and seals in certain cases. (O. & W. Dig., art. 1817.) An inspection of this statute, however, gives but little ground for such construction. It is only sought to be sustained by separating a single clause of a sentence from the remainder of it; and giving to it an application that the preceding parts of the sentence evidently show was not intended. The object of this law was to dispense with a mere formality in the execution of a certain class of contracts. And as by the common law these instruments when under seal imported a consideration, it was provided, by the clause of the sentence under consideration, that the same effect should be given to them, when subsequently executed without a scrawl or seal. The law most clearly had no reference in any of its provisions to promissory notes not under seal. They imported a consideration already, and this law made no change in reference to them in this respect. And we certainly can not infer that the legislature intended to repeal the law prescribing the mode for impeaching their consideration, by a law that seemingly has no reference to them, and when full effect can be given to all its provisions without any such construction. The construction contended for would render the law amenable to the constitutional restriction against embracing in an act of the legislature more than one object, which should be embraced in the title. The judgment is reversed and the cause remanded.

Reversed and remanded.