## R. A. LEMMON v. JOSHUA S. HANLEY ET AL.

A defendant may plead as many pleas as he desires, but each should be complete of itself, or at least the whole answer should, if true, present a valid defense to the plaintiff's action. (Paschal's Dig., Art. 1441, Note 548.)

To a suit on a promissory note executed to a payee or bearer and sued on by the bearer, the defendants plead that the plaintiff acquired the note after maturity and without consideration; that it was given by these defendants in lieu of other notes executed by them to the payee, in consideration of negroes sold to them by the payee with warranty of title; that defendants had since sold the negroes to other persons with warranty of title; that after the purchase of the negroes from the payee by defendants, but before their execution of the note sued on, they learned that the negroes were claimed adversely by certain other parties, of which they notified the payee, who thereupon represented to defendants that he had compromised with said adverse claimants, and that they had engaged to release their claims if he would procure and surrender to them the note of these defendants for the purchase-money of the negroes still unpaid by them; that by these representations the defendants were induced to execute to the payee the note sued on; that the said representations were false and fraudulent, and the payee had never procured the releases of the said adverse claimants, but that the said claimants had instituted suits for the negroes against the per-

sons to whom these defendants had sold them with warranty as aforesaid; that the payee and the plaintiff were confederating with said adverse claimants in the prosecution of their suits, and at the same time were fraudulently seeking to recover against defendants on the note now sued on; that one of the notes, in lieu of which the note in suit was given, was not surrendered to the defendants by the payee, but he promised to destroy the same, instead whereof it was in suit against these defendants in another action: *Held*, that, as a plea of failure of consideration, the answer was defective, in not averring that the adverse claimants of the slaves held a subsisting and superior title to them, and that the defendants purchased the slaves without notice of such title: *Held*, that the defense presented is insufficient, inasmuch as it shows that the defendants still enjoy the proceeds of the negroes, and neither offer to place their vendor in *statu quo*, nor make the adverse claimants parties to the suit, so that the rights of all may be adjudicated.

It has been settled by this court, that an adverse claim and suit thereon are not evidence of a superior outstanding title.

False representations will not afford relief to the party complaining of them, unless they related to something material to his interests and have resulted in his injury.

The ruling in Harris v. Cato, 26 Tex., 338, that a plea impeaching the consideration of a note not under seal need not be sworn to, referred to and approved. (Paschal's Dig., Art. 229, Note 290.)

Pleadings are intended to apprize the adverse party, before the trial is commenced, of the cause of action or ground of defense, in order that each party may prepare himself with his evidence in time for the contest. Neither party can be held bound to answer matters not averred in the pleadings, and hence the rule that the *allegata* and the *probata* must concur.

APPEAL from Tarrant. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The facts of this case appear fully in the opinion of the court, by which also the errors complained of are sufficiently indicated.

*A. Bradshaw*, for appellant.—The answer is insufficient, in this, that it does not allege an eviction; neither does it say that there is a superior outstanding title in McMullen's heirs, or any title at all in them, but says they have sued for the negroes. Now, if this be sufficient, the law might be converted into an engine of fraud and swindling. Will

it be contended that A might sue B for any amount, and by B employing C to sue for the negroes or land, the consideration for which B gave A his note, this would release him from his debt? The mere pleading of suit pending is insufficient. They must plead an eviction or superior outstanding title in a third person. (See Fortson v. Caldwell, 17 Tex., 627; Lawrence v. Simonton, 13 Tex., 220; Robinson v. McFadden, Ib., 278.) In the case of Randon v. Toby, 18 Curtis, 694, the court says, that a breach of warranty of title to personalty without eviction is no defense to an action for the price. (Cooper v. Singleton, 19 Tex., 260; Perry v. Rice, 10 Tex., 367; 11 How., 493.)

My next proposition in support of the demurrer is, that if defendants, at the time of the execution of the note sued upon, had knowledge of the defective title to said negro, then they cannot set up that defect in bar of the action, and particularly against a third person; that they are thrown upon the covenants in the warranty. (Cooper v. Singleton, 19 Tex., 260; Brock v. Southwick, 10 Tex., 65; Niel v. Pickett, 12 Tex., 137; Jones v. Taylor, 7 Tex., 244; 6 Paige, 407.)

*J. W. Ferris,* for the appellees.

SMITH, J.—The appellant instituted this suit May 1, 1858, upon a promissory note purporting to have been executed by the appellees February 20, 1858, for $1,882 93, and payable, at one day, to A. J. Burk or bearer.

The defendants below plead the general denial, and also pleaded a failure of consideration and fraud in the procurement of the note.

They state that Burk had previously sold them a lot of negroes with warranty of title, and that they had sold them to different persons with warranty of title; that they each owed him a balance on the said negroes; that Burk held

the note of J. A. Hanley for $920, the amount due from
J. S. Hanley not stated; that they were informed that the
heirs of McMullen claimed to be the owners of the negroes,
and that Burk represented to them that he had effected a
compromise with said heirs for a release of their claim;
that they agreed to take the note of the defendants for what
they owed on the purchase to Burk, and would release
their claim to the said slaves; that they were thus induced
to execute the note in suit for the balance they respectively
owed as aforesaid; that the said note of $920, principal and
interest, amounting to $1,082 93, was included in said note,
and that Burk agreed to destroy the said $920 note; that
the said representations were false and fraudulent; that he
did not destroy the note of $920, but it is now sued upon,
case No. 163, and that he has not procured the said release
from the said heirs; that they have instituted suits against
defendants' vendees for the slaves, and Burk is confeder-
ating with them; that the note was transferred after due
and without consideration.

The plaintiff excepted to the answer and amendments,
the substance of which is embraced above. The court
overruled the said exception. A trial was had, and verdict
and judgment were rendered in favor of the appellees, and
appellant brings the cause here, and assigns the said ruling
of the court as error. And we are of opinion the excep-
tions of the appellants should have been sustained, and the
answer and amendments stricken out. The defendant is
permitted to plead as many pleas as he may desire, but
each should be complete of itself, or at least the whole
answer should present a valid defense to the plaintiff's
cause of action, if true.

The defendants below did not in their answer aver that
there was a subsisting and superior outstanding title to the
said slaves in the said McMullen heirs, nor did they state
that they had purchased of Burk without any notice of

their claims.    These averments we regard as indispensable
to the plea of failure of consideration. (Brock v. Southwick,
10 Tex., 65;  Cooper v. Singleton, 19 Ib., 260.)

The case of Claborne v. Yeoman, 15 Tex., 44, was a suit
upon a note given by the defendant to the administrator
of an estate for a certificate sold by order of the county
court.    He plead failure of consideration, and averred that
the sale was void, and that the right to the certificate
was in the heirs to the estate.    Mr. Justice WHEELER says,
"The plea is not good, for, if true, he should have caused
the heirs to be made parties, in order that the question of
title might be adjudicated; and he should have at least
restored, or offered to restore, the certificate to the plaintiff
or the heirs, if entitled to it.    It is very clear that he could
not retain the property purchased at the sale with the
chances of making good his title, and at the same time
refuse to pay the purchase-money."

The case of Perry v. Booth, 7 Tex., 497, was a suit upon
a note given by the defendant for a lot of notes and accounts
purchased at administrator's sale, made under order of
county court.    The defendant plead that the sale was
void; that the law did not authorize the sale of notes and
accounts by the administrator; that no right or title was
transferred to him, and therefore there was a failure of
consideration in the note.    The court says: "It may be true
that the defendant did not acquire a good title to the notes
and accounts purchased by him at administrator's sale.
But this question it is not necessary to determine, for to
constitute the plea, setting up such a defect of title a good
defense to the action, he should have averred a return, or
an offer to return, or should otherwise have accounted for
the notes and accounts so purchased by him; he cannot be
permitted to retain and appropriate the notes or their pro-
ceeds to his own use, and resist the payment of the note
given by him as the consideration of the purchase, on the
ground of the want of authority in the administratrix to sell."

Again, the court says in the same case, that "to have rendered the defense available, it was incumbent on the defendant to have restored the plaintiff to the rights enjoyed by her at the time of making the contract; and for the reason that the plea contains no averment of a return or offer to return the notes, &c., purchased, the plea was insufficient."

In the case of Randon v. Toby, 11 How., 520, the defendant plead that the note sued on had been given for African negroes imported into the country, who were free and not slaves at the time, and for this there was no consideration for the note. The court held, that the payee having no connection with the importation of the negroes for which the note was given, and the defendant not having been disturbed in his possession of them, but had still kept or sold them, he could not plead no consideration or failure of consideration.

In view of the authorities, we are of opinion that the defendants' answer impeaching the consideration of the note was defective. They had purchased with notice of the claim of McMullen's heirs, with a general warranty of title. They sold for large amounts, and still enjoy the proceeds thereof. They do not state that McMullen's heirs really have any title to the slaves, and they do not ask that the said heirs and other claimants be made parties defendant, so that the rights of all may be adjudicated and protected. (Cooper v. Singleton, 19 Tex., 260.)

They do not offer to return the negroes, nor do they offer to renew the notes for which this is given, one of which is now barred by limitation; and they plead in suit No. 163, that the $920 note has been paid by executing the one here sued on in part for it. There is no offer upon their part to place Burk or Lemmon in *statu quo*. There is nothing plead to show a failure of consideration for want of title in the slaves, but the simple facts that the heirs of McMullen claim to be the owners of the slaves

and have sued for them. It has been settled by this court that a claim and suit are not evidence of a superior outstanding title. Any person might claim and sue for property, but will not recover unless they have a superior title to that of the defendants to the property, or they may have been brought collusively with the defendants in this suit to avoid paying this debt. (Fortson v. Caldwell, 17 Tex., 627.)

It is insisted that the note sued upon was obtained by a fraudulent representation, &c., and, as an evidence of the falsity of the representation made by Burk, and of the alleged fraud practised by him in the procurement of the note, it is averred that he did not secure the release from the heirs of McMullen, as he promised. This may be true, but it may only amount to a failure on his part to consummate the compromise made with the heirs, and he may have honestly made and anticipated the consummation of it, and a failure on his part would not, in that state of the case, be considered fraudulent.

Another view may be taken of it. The representation made by Burk, though false, will not afford the party complaining any ground of relief, unless it were made in respect to something material to the interests of the party, and he were injured or deprived of some right by such false representation.

If the defendant's answer be true, and it be admitted that the heirs of McMullen have no title to the slaves and could not recover them, and that Burk has warranted the title to the slaves, then it must follow, that the defendants have not been deprived of any rights, or been injured by the failure of Burk to procure the release from the said heirs, as anticipated. Having no title to the slaves, a release from them could have been of no value. It may be contended, that a release from them would have prevented the institution of the suits by them for the slaves. That is speculation, for if they had made the release, they could

15—XXVIII

then have claimed the slaves, and sued for them with the same prospect of success.

The failure of Burk to destroy the $920 note, and the institution of suit upon it, we do not regard as showing fraud or failure of consideration. If the new note included that, it was taken and substituted in place of it; that is, if Burk agreed to take the note in suit in lieu of and in satisfaction of the one for $920, that will afford a valid defense to it. It is payment of it, or accord and satisfaction. And, on the other hand, if the note in suit was received as collateral security for the $920 note, then he has the right to sue upon both, and press all his securities at once; but the satisfaction of one would be a satisfaction of the other *pro tanto.*

We are of opinion that the exceptions of the appellant to the original and amended answers of the defendants below should have been sustained, except as to the general denial.

It is not necessary that the plea impeaching the consideration of the note be sworn to, as has been settled by this court. (Harris v. Cato, 26 Tex., 338.)

The appellant excepted to the depositions of Herron, Stockes, and others, upon various grounds, respecting the manner of taking and returning them, none of which can be noticed, for the want of the facts in the record upon which they were made. The only objection we can notice is, that their testimony is irrelevant to the issues in the cause. This exception does not designate the objectionable parts of their testimony with that degree of certainty that might be exacted, and we could well disregard them; but it appears to us, that all that part of the defendants' evidence going to show that the note in this suit was given for negroes or horses should have been rejected, for the want of the proper allegations in their answer to admit such testimony. They plead that the consideration of the note sued on was the amount respectively due to A. J.

Burk on their purchases of the negroes, and upon this averment the appellant went to trial, and he had the right to confine the defendants to the proof of their allegations as made, and they had no right to introduce evidence to prove the note was given for another and different consideration, in whole or part. It was calculated to take the plaintiff by surprise. The pleadings are intended to inform the adverse party of the cause of action or grounds of defense before the trial is commenced, in order that each party may prepare himself in time with his evidence for the contest, and neither can be held legally bound to answer grounds not averred in the pleadings; and hence the rule, that the *allegata* and *probata* must concur; one without the other can be of no avail. (Mims v. Mitchell, 1 Tex., 443.)

There being error in the judgment below, the same is reversed, and the cause remanded for further proceedings in accordance with this opinion, with instructions to sustain the appellants' exceptions to the defendants' original and amended answers, except the general denial, and the defendants have leave to plead anew to the merits of the cause.

                              REVERSED AND REMANDED.