## J. P. DAVIDSON v. WM. GIBSON.

### SUPREME COURT, AUSTIN TERM, 1882.

*Promissory Note—Failure of Consideration—Pleading—Amendment—Practice.*—See the case for averments of failure of consideration, held to be insuffificient on account of being too vague and indirect.

It is no impediment, ordinarily, to the right to the right to amend, that the pleading has been put in under oath.

The fact that an answer had been unnecessarily sworn to does not operate to conclude the defendant from making additional or other allegations by way of amendment to those which had been thus pleaded under oath. A plea impeaching the consideration of a note not under seal, need not be under oath.

Appeal from Eastland county.—Lowry & Calhoun, for appellant. Martin & Neal, for appellee.

This was a suit brought by the appellee against the appellant, on three promissory notes amounting to over six hundred dollars. Defendant set up as a defense a partial failure of consideration, alleging that the notes were given for a stock of cattle sold to defendant by the plaintiff, at the rate of two dollars per head; that of said stock he has not been able to obtain, by hunting for them in the range, more than one hundred dollars worth of said cattle; that he paid down, at the date of the purchase, six hundred dollars, and has also paid one hundred dollars on the notes sued on since their execution and delivery. Defendant alleged that the notes were procured by fraudulent representations of the plaintiff, which were relied on by the defendant; that the plaintiff represented, "that his stock was gentle and easily handled and controlled, and that he was satisfied that there were six hundred head of cattle, the most of which could be easily gathered, as they were gentle as aforesaid, and plaintiff knew that the larger portion of the same could be easily gathered."

The answer alleged that defendant had diligently searched the range where the cattle were represented to be found, and has been unable to find more than fifty head of the cattle of the marks and brands purchased by him. The defendant prays for cancellation of the notes, and for judgment against the plaintiff in reconvention, for the sum of $598, with interest. The answer was sworn to.

The plaintiff excepted to the sufficiency of the answer by general demurrer, and assigned special grounds of exception.

The court sustained the demurrer, and the defendant thereupon asked leave to amend his answer, which was refused by the court, on the ground that the answer being a sworn plea, or sworn answer, was not the subject for amendment, and also because the parties had announced themselves ready for trial at the time the ruling was made.

Verdict and judgment for the plaintiff; motion for new trial overruled; appeal taken by the defendant, assigning as grounds of error, the action of the court in sustaining the demurrer, and also in refusing to permit the defendant to file an amendment to the pleading thus holden to be defective.

Opinion by Walker, J.—The exceptions taken by the plaintiff to the defendant's answer were properly sustained by the court, and the appellant's counsel, in his brief, does not present either authority or argument to support the sufficiency of the answer.

It is not deemed essential, therefore, that we should enter upon a discussion of the several grounds upon which the answer was assailed by the plaintiff's exceptions, in order to show the correctness of the ruling of the district court. It is sufficient to remark, that whether the answer be considered as a plea setting up a partial failure of consideration, or also as a plea in reconvention, praying for cancellation of the notes sued on, and for a judgment over against the plaintiff, the sufficiency of the answer for either one of these defensive pleas must be determined by a test which is applicable to each and all of them, which requires the allegations of facts sufficient to constitute them, or some one of said defenses, a valid and sufficient answer to the plaintiff's alleged cause of action. The facts set up in the answer were not sufficient, under the plaintiff's exceptions, to constitute a defense of failure of consideration, or of a partial failure of consideration for want of the averment of certain distinct facts essential to show that the contract contemplated a sale of a definite and specific number

of cattle, and a like want of distinct allegation that the number of cattle contracted for did not, in fact, exist in the range at the time of the purchase.

The allegations of the answer, on these material points, were vague and indirect, leaving it merely to inference that facts may have existed which constituted the defense relied on. The other defensive matters of the answer are quite subject to the same criticism which we make to the plea of failure, or partial failure, of consideration. We think the answer was clearly insufficient, and it is alike free of doubt that the facts alleged in it were such as might allow, by the addition of other facts which were not alleged, of a defense against the notes sued on. The defendant asked leave, when the court held the answer insufficient, to amend his answer. If he was entitled thus to amend, the defendant might have been able to supply the defects of his answer, and to have thus presented a valid defense to the action; and if the court erred in refusing him thus to perfect his pleading, we can not say that the defendant may not have been injured by such error, and therefore the necessity of a reversal of the judgment, must, in such contigency, be the consequence.

There is nothing in the facts of this case which in any wise qualifies the general and common privilege which is accorded to parties to amend pleadings which have been ruled to be defective, before proceeding to the trial upon the merits of the cause.

It appears from the record that the parties had announced ready for trial, when the court acted upon the plaintiff's demurrer and special exceptions, and that the reason assigned by the court for refusing to permit the defendant to amend was that the allowance thereof was not permissible after such announcement, and, further, because the answer was one that was sworn to, under what the court seemed to consider as a requirement of the statute where a failure of consideration, or practical failure of consideration, is pleaded.

Neither of these are valid grounds for refusing to allow the defendant to amend his answer.

The construction which was given to the statute prohibiting an amendment of pleadings after an announcement of ready for trial, in Dewitt v. Jones, 17 Texas, 623, has been ever since followed in practice. The court held in that case, that "the prohibition of amendment, after announcement of ready for trial, must be under-

stood of readiness for trial upon the issues of fact, and not upon the issues of law, which must be first disposed of. (Citing also 4 Texas, 454; 10 Texas, 520.)

Substantial defects which would wholly defeat a recovery, or materially affect or modify the judgment, may be cured by amendment; and even the character of the suit may be substantially changed. (Sayles Plead., sec. 156.) The plaintiff, by amendment of the petition, may supply omissions. (Kinney v. Lee, 10 Texas, 155; Coles v. Porter, 18 Texas, 155; Scoby v. Sweatt, 28 Texas, 713.) And the same indulgence will be allowed to the defendant as to the plaintiff, in amending his pleadings for the purpose of correcting any error or supplying any omission in the statement of the grounds of the defense. (Lee v. Hamilton, 12 Texas, 413.)

It is no impediment, ordinarily, to the right to amend, that the pleading excepted to has been put in under oath. (See McDonald v. Timion, 20 Texas, 245; Hollis v. Border, 10 Texas, 360.)

The reasons upon which rest the rule disallowing the amendment of affidavits to the facts in petitions for attachments, sequestrations and like extraordinary writs, to supply fatal defects in such sworn statements, do not apply to other cases where pleadings are sworn to; nor, indeed, will the right to amend in cases of attachment, etc., be denied for other purposes in such suits than those which relate to the validity or sufficiency of the writ itself, and proceedings under it.

The notes sued on were not sealed instruments, and under no view that could properly have been taken of the question was it proper to treat the answer as one which was required to be sworn to; and the fact that it had been unnecessarily sworn to did not operate to conclude the defendant from making additional or other allegations by way of amendment to those which had been thus pleaded under oath. A plea impeaching the consideration of a note under seal, need not be under oath. (Lemmon v. Hanley, 28 Texas, 219; Harris v. Cato, 26 Texas, 338.)

We conclude that for the errors which have been indicated, the judgment ought to be reversed and the cause remanded.

Report of Commissioners of Appeals examined, their opinion adopted, the judgment reversed and cause remanded.—GOULD, C. J.