## J. P. DAVIDSON v. W. M. GIBSON.

### (No. 3018.)

PROMISSORY NOTE, failure of consideration.
PLEADING.— No impediment, ordinarily, to right to amend, that pleadings have been put under oath.

APPEAL from Eastland county.    Opinion by WALKER, J.

STATEMENT.— This was a suit brought by appellee against the appellant, on three promissory notes amounting to over $600.   Defendant set up as a defense a partial failure of consideration, alleging that the notes were given for a stock of cattle sold to defendant by the plaintiff, at the rate of $2 per head; that of said stock he has not been able to obtain, by hunting for them in the range, more than $100 worth of said cattle; that he paid down at the date of purchase $600, and has also paid $100 on the notes sued on since their execution and delivery.   Defendant alleged that the notes were procured by fraudulent representations of the plaintiff, which were relied on by the defendant; that the plaintiff represented "that his stock was gentle and easily handled and controlled, and that he was satisfied that there were six hundred head of cattle, the most of which could be easily gathered, as they were gentle as aforesaid, and plaintiff knew that the larger portion of the same could be easily gathered;" and he (defendant) had dili-

gently searched the range where the cattle were represented to be found, and has been unable to find more than fifty head of the cattle of the marks and brands purchased by him; and prayed for cancellation of the notes and for judgment against the plaintiff in reconvention for the sum of $598, with interest. Answer sworn to; plaintiff excepted to the sufficiency of the answer by general demurrer, and assigned special grounds of exception.

Court sustained the demurrer, and defendant thereupon asked leave to amend his answer, which was refused by the court because it was a sworn answer and not subject to amendment, and also because the parties had announced ready for trial at the time the ruling was made.

Verdict and judgment for plaintiff. Motion for new trial overruled and appeal taken by defendant, assigning as error the action of the court in sustaining the demurrer, and also in refusing to permit defendant to file an amendment to the pleading held to be defective.

OPINION.— The exceptions taken by the plaintiff to the defendant's answer were properly sustained by the court, and the appellant's counsel, in his brief, does not present either authority or argument to support the sufficiency of the answer. But on the other hand neither of the grounds was valid on which the court refused to allow defendant to amend his answer. See Dewitt *v.* Jones, 17 Tex., 623; also, 4 Tex., 454; 10 Tex., 520. Substantial defects which would wholly defeat a recovery, or materially affect or modify a judgment, may be cured by amendment, and even the character of the suit may be substantially changed. Plaintiff by amendment of the petition may supply omissions. Sayles' Pl., sec. 156; 10 Tex., 155; 18 Tex., 155; 28 Tex., 713. And the same indulgence will be allowed defendant. See 12 Tex., 413.

It is no impediment, ordinarily, to the right to amend, that the pleading excepted to has been put under oath. 20 Tex., 245; 10 Tex., 360.

A plea impeaching the consideration of a note under seal need not be under oath. 28 Tex., 219; 26 Tex., 338.

For the errors indicated the judgment is reversed and cause remanded.

REVERSED AND REMANDED.