## P. C. WHITMIRE v. SALLIE MAY ET AL.

### Decided May 31, 1902.

**Deed of Trust—Power of Sale—Revocation by Death—Equity of Redemption.**

Where P. executed a deed of trust on land to secure his vendor's lien notes therefor, and then conveyed an undivided interest in the land to his wife by deed duly recorded, she was thereby invested with the equity of redemption, and her death revoked the power of sale as to her interest, which could be sold only under proceedings in the probate court. Following Buchanan v. Monroe, 22 Texas, 537.

Appeal from Dallas. Tried below before Hon. Richard Morgan.

*M. T. Connor,* for appellant.

*Harry P. Lawther,* for appellees.

FLY, ASSOCIATE JUSTICE.—Appellant instituted this suit against Sallie May, alias Sallie Johnson, to recover fifteen acres of land near the city of Dallas, out of the William Combs survey. Sallie May pleaded "not guilty," and that she was a tenant of R. H. Powell, administrator of the estate of Jennie B. Pippin, deceased, and held possession under his title. He answered, claiming one-half of the land for the estate he was administering. The cause was tried by the court, and resulted in a judgment for appellant for one half the land, and for the estate of Jennie E. Pippin for the other half.

There is no statement of facts, and the findings of fact by the court are as follows:

"The property in controversy in this suit, consisting of real estate in Dallas County, Texas, and which is more particularly described in plaintiff's petition, was on February 1, 1897, the property of F. H. Doran, who by deed of that date conveyed it to J. D. Pippin.

"The aforesaid deed from Doran to Pippin recites a consideration of $1125, of which $625 was paid in cash out of the separate funds of said J. D. Pippin, and the remaining $500 was secured to be paid by five promissory notes, of $100 each, and each maturing at a different date. A vendor's lien is retained in said deed to secure said notes, and said deed further recites the making of a deed of trust by said J. D. Pippin to W. H. Lewis upon said property as further security for the payment of said notes.

"The said deed of trust was made as recited in said deed, and on Tuesday, the 4th day of December, 1900, said W. H. Lewis, as trustee under said deed of trust, and acting in pursuance of the authority which by the terms of said deed of trust was vested in him, sold said property to Mrs. E. E. Waller, and on December 11, 1900, executed a deed to her for said property, in which said deed it was recited, among other things, that said sale was made to pay and satisfy the three of said five promissory notes which matured last. Said three notes had been transferred to said E. E. Waller by said F. H. Doran.

"On January 7, 1901, the said E. E. Waller, by deed of that date, conveyed said property to the plaintiff, P. C. Whitmire.

"On February 1, 1897, and prior thereto, said J. D. Pippin was a married man; his wife's name being Jennie E. Pippin. They were married about three weeks prior to February 1, 1897. At the time of their marriage she was a widow, with two children by her former marriage, to wit, Claud Powell and Clark Powell.

"On February 13, 1897, the said J. D. Pippin made, executed, and delivered to his said wife, Jennie E. Pippin, a general warranty deed, whereby he conveyed to his said wife an undivided one-half of said property. Said deed was filed for record and duly recorded in the records of deeds of Dallas County, Texas, on February 13, 1897. Said deed recites the consideration to be three hundred and twelve dollars and fifty cents ($312.50) cash paid by the said Jennie E. Pippin, and the assumption of her one-half of the five promissory notes mentioned in the aforesaid deed from F. H. Doran to J. D. Pippin, and retains a vendor's lien to secure the same. As a matter of fact, Mrs. Pippin had no money, and did not pay anything to or for her husband as a consideration for said deed.

"The said Jennie E. Pippin is dead. She died February 5, 1900, and prior to the sale by W. H. Lewis, as trustee, mentioned in paragraph 3 of said findings of fact. She left surviving her her two children, the said Claud Powell and Clark Powell. Whether the said J. D. Pippin is living or dead is not shown by the testimony. He left Dallas County soon after making said deed to his wife, and his whereabouts are not known. The said two children of Mrs. Pippin are still living.

"Administration upon the estate of said Jennie E. Pippin was begun in the county court of Dallas County, Texas, on April 30, 1900, and is still pending. The defendant R. H. Powell is her administrator, duly appointed and qualified.

"At the time of the death of said Jennie E. Pippin the aforesaid property was the homestead of said Jennie E. Pippin, and was occupied by her and her children as their homestead; and, if J. D. Pippin was then living, it was his homestead, also.

"This suit was begun January 25, 1901, and the defendant Sallie May was at that date in possession of the aforesaid premises as the tenant of the said R. H. Powell, administrator of Jennie E. Pippin, deceased.

"When the said W. H. Lewis, as trustee, made the sale mentioned in paragraph 3 of these findings of fact, and long prior thereto, he and those for whom he was acting, and the purchaser at said sale, and her vendee, the plaintiff in this suit, knew that said Jennie E. Pippin was dead, and that administration upon her estate was pending, as above stated."

The trial court held that the sale under the trust deed was void as to the half of the land that had been conveyed to Mrs. Pippin, because Mrs. Pippin was dead when the sale took place. That ruling of the trial judge presents the only material question in the case. The matter has been decided, under facts strikingly similar, by the Supreme Court, in the case of Buchanan v. Monroe, 22 Texas, 537, and the soundness of the decision has never been questioned in Texas. In that case W. M. Phillips and wife had given a mortgage on certain land to secure the payment of a promissory note for $750, containing a power of sale in default of payment of the note. Afterwards Phillips and wife sold the mortgaged premises to William H. and Sarah Wyatt, with an express recognition in the conveyance of the existence of the mortgage. After the deed was executed, and before the maturity or payment of the note, William H. Wyatt died, leaving his family in possession of the property, and Buchanan administered on his estate. The note not being paid at maturity, Everett Lewis, the trustee, sold the land under the authority contained in the mortgage, and Monroe & Bro. bought it, and received a deed to it from the trustee. The trial court rendered judgment in favor of the plaintiffs, Monroe & Bro., and the cause was appealed by the administrator. The Supreme Court held: "The conveyance by the mortgagors, Phillips and wife, transferred the equity of redemption to Wyatt and wife. It passed the entire estate and interest in the property, subject to the lien of the mortgage. The whole estate was conveyed subject to the lien, and became the estate of Wyatt and wife, and so remained at the death of Wyatt, if that was before the sale under the power in the mortgage. In a suit to foreclose the mortgage, they would have been necessary parties in order to bar their equity of redemption. 4 Kent Comm., 185; Story Eq. Pl., secs. 193, 195, 197; Hall v. Hall, 11 Texas, 527. But Phillips and wife would not have been necessary parties, because they had parted with their entire estate, and had no interest to be affected by the decree. Their equity of redemption was transferred and passed by the conveyance to Wyatt and wife, who were thereby subrogated to their estate, and all their rights in relation thereto. Their estate and rights after the conveyance were in all respects the same as those of Phillips and wife before. Hence, according to the doctrine in Robertson's Administratrix v. Paul, 16 Texas, 472, and numerous cases since decided, the death of Wyatt operated a virtual revocation of the power to sell contained in the mortgage, and imposed on the mortgagee the necessity of having recourse to the probate court for the enforcement of his lien upon the property, upon the principle that the statute relating to the estates of deceased persons requires all liens

upon property of their estates to be enforced in the probate court. Fortson's Admr. v. Caldwell, 17 Texas, 627; Boggess v. Lilly, 18 Texas, 200; Chandler v. Burdett's Admrs., 20 Texas, 42; Cunningham v. Taylor, 20 Texas, 126; McMiller v. Butler's Admrx., 20 Texas, 402. Upon the death of Wyatt before the execution of the power to sell, the equity of redemption was in his legal representatives; the property, with the mortgage incumbrance, was a part of his estate; the mortgage was a lien upon property of his estate, and, according to these decisions, could not be enforced otherwise than by proceeding in the probate court. In the lifetime of Wyatt a decree of foreclosure to which he was not a party would not have barred his equity of redemption; he would not have been bound by the decree; and the title of the purchaser at a sale under it would have been inoperative to divest his right, and in effectual in an action to recover of him the possession, although a sale in pursuance of the power in the mortgage might have had the effect of a decree to which he was a party, to foreclose and bar his equity of redemption, and vest the paramount title in the purchaser at the sale. But after his death, the power being thereby revoked, the sale by the trustee was unauthorized, and consequently inoperative to foreclose the equity of redemption remaining in his legal representatives,—was not binding upon his estate, or effectual to give title to the purchaser at the sale."

Following that decision, the judgment is affirmed.

*Affirmed.*

Writ of error granted and judgment affirmed.