## John H. Broocks v. R. I. Lee et al.

### Decided May 11, 1907.

**1.—Suit for Purchase Money—Failure of Title—Injunction.**

A purchaser of land who has received a deed thereto can not defeat a suit for the purchase money on the ground of failure of consideration unless he shows that the title has failed in whole or in part and that he is in danger of eviction. Such defense can not prevail by merely showing that suit has been brought for the land.

**2.—Same.**

Petition for injunction to restrain the collection of a judgment for the purchase money of land, on the ground that suit had been brought for said land by an adverse claimant, considered, and held insufficient to entitle the plaintiff to the writ.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Lanier & Martin*, for appellant.

*G. H. Pendarvis*, for appellee.

PLEASANTS, Associate Justice.—This suit was brought by appellant against the appellees to enjoin the sale under an order of the District Court of Liberty County of a certain tract of land situate in said county, and described in the petition. The defendants in the suit are R. I. Lee, plaintiff in the judgment from which the order of sale sought to be enjoined was issued, and Lee Cherry, the officer charged with the execution of said order. Plaintiff's petition shows that the judgment, the execution of which is sought to be enjoined, was rendered in a suit brought by appellee R. I. Lee against the appellant herein to recover the amount due upon two notes executed by appellant in part payment of the purchase money of the land which is the subject matter of this suit and which had been theretofore conveyed to plaintiff by the said R. I. Lee.

The facts upon which the injunction is asked are thus stated in the petition:

"That since said conveyance was made one Lewis L. Featherstone, who resides in Jefferson County, Texas, brought suit to try title and recover the league of land and other lands hereinbefore described against the plaintiff herein, John H. Broocks, and the defendant, R. I. Lee, which said petition is in the usual form for trespass to try title, a copy of which is hereto attached and marked Exhibit "Z" and made a part hereof.

"That heretofore, to wit, in the judgment hereinbefore referred to, R. I. Lee recovered judgment against John H. Broocks for the amount of money hereinbefore stated with order of sale of said lands, and execution or order of sale issued on the 27th day of August, 1905, the same was placed in the hands of the defendant,

Lee Cherry, as sheriff of Liberty County, Texas, and as such sheriff he levied on the property hereinbefore mentioned as having been conveyed by said R. I. Lee to the said John H. Broocks lying in said county of Liberty, State of Texas, and that the said sheriff under the direction of his co-defendant, R. I. Lee, in pursuance of said writ has advertised for sale the said property as conveyed as aforesaid under said order of sale or writ of execution, on the first Tuesday in November, 1905, at the court house door of Liberty County, Texas, on said last mentioned date, between the hours prescribed by law (and will sell the same), unless enjoined and restrained by this honorable court.

"That in the deed hereinbefore referred to by the defendant R. I. Lee to John H. Broocks, the former warranted and covenanted with the said John H. Broocks to warrant and forever defend the title to the above described tracts of land against all persons whomsoever lawfully claiming or to claim the same or any part thereof.

"That the defendant R. I. Lee has not sufficient property subject to execution to pay off his liability on said warranty so far as plaintiff is informed and believes, and on said information and belief alleges the fact to be, to protect him against the loss of said lands hereinbefore described under said judgment, should Featherstone recover from the plaintiff herein, and plaintiff will be without any adequate remedy at law and will be irreparably injured.

"Wherefore plaintiff prays that the order of sale or writ of execution for the sale of said lands be enjoined and restrained until the suit between this plaintiff and the defendant R. I. Lee, brought by the said Lewis L. Featherstone, be fully determined by a court of competent jurisdiction or to which it may be carried or appealed; and should the said Featherstone be successful in said suit, that plaintiff have judgment against said Lee for the moneys paid him with cost therein for said lands and the balance of said judgment be cancelled and held for naught.

"That before the said Featherstone filed the said suit for the recovery of the said lands hereinbefore described against this plaintiff and the defendant R. I. Lee to the title and possession thereof, this plaintiff, John H. Broocks, offered to pay the amount of said judgment and the cost in full to the said Lee if the latter would transfer same to another person without recourse against himself, such person to be selected by this plaintiff, but the said Lee wantonly refused without just cause, and the said property is still advertised for sale, and the said latter, acting under the direction of the said Lee will sell same unless enjoined and restrained by this honorable court.

"Wherefore this plaintiff prays that a writ of injunction issue in accordance with law, enjoining and restraining R. I. Lee and his agents, attorney and employes and Lee Cherry, as sheriff, and each of his deputies, from selling the land hereinbefore described, under said order of sale or writ of execution; that said order of sale be returned to the court from which it issued until the suit brought by Lewis L. Featherstone against the defendant R. I. Lee

and John H. Broocks, be finally determined by a court of competent jurisdiction and any other court to which it may be carried or appealed on a writ of error or otherwise, under the law, and. for general relief."

Upon the trial in the court below it was agreed by appellees that the facts stated in this petition were true. The judgment of the court below from which this appeal is prosecuted was in favor of defendants, denying plaintiff the relief prayed for and dissolving the temporary injunction which had been theretofore issued restraining the sale of the land.

The only question presented for our determination is whether the facts alleged in plaintiff's petition, and which were admitted by appellees to be true, entitled him to a judgment restraining the sale of the land until the suit brought by Featherstone could be tried and the title to the land adjudicated therein.

We think the trial court correctly held that these facts were insufficient to authorize a judgment in favor of plaintiff. The facts alleged in the petition would have constituted no defense to the foreclosure suit and *a fortiori* are insufficient to authorize a judgment enjoining the execution of the judgment rendered in that suit. There is no allegation that the title to the land has failed either in whole or in part. It is not even alleged that plaintiff believes that the title conveyed to him is defective, and the only fact alleged as a ground for the injunction is that a suit has been filed by Featherstone against plaintiff and his vendor in which he claims title to the land. It is well settled that a purchaser of land who has received a deed thereto can not defeat a suit for the purchase money on the ground of failure of consideration unless he shows that the title has failed in whole or in part and that he is in danger of eviction, and such defense can not be established by merely showing that suit has been brought for the land. Fortson v. Caldwell, 17 Texas, 627; Cooper v. Singleton, 19 Texas, 267; Ozburne v. Whitlaw, 80 Texas, 240; Moore v. Vogel, 22 Texas Civ. App., 239.

The judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

Writ of error refused.