THE PACIFIC EXPRESS CO. v. DARNELL BROS.

(Case No. 1778.)

1. PLEADING — EVIDENCE.— Every issuable fact must be alleged in pleading in order to admit necessary evidence in support of it.

2. SAME — NOTICE TO CARRIER.— Where the petition does not allege that the carrier knew of the necessity of the performance of his contract at once, and that any failure or delay on its part to perform the contract promptly would cause a suspension in business on the part of the consignor, evidence as to these facts is inadmissible.

3. MEASURE OF DAMAGES — BREACH OF CONTRACT.— Where two parties have made a contract, which is broken by one of them, the damage which the other party ought ordinarily to receive for such breach should be such as either arises in the usual course of things from the breach itself, or such as may be reasonably supposed to have been contemplated by both parties at the time of contracting, as the probable result of its breach.

4. Same.— Where the special circumstances under which the contract was actually made were not communicated to the carrier who made the breach, then, in such case, the measure of damage is the amount of injury which would generally arise from such breach.

5. Cases.— Hadley v. Baxendale, 9 Exch., 353; Jones v. George, 61 Tex., 349.

Appeal from Van Zandt.   Tried below before the Hon. Felix J. McCord.

Darnell Bros. brought suit for $415 damages for delaying the cylinder of a steam-engine thirteen days after it was delivered to appellant for shipment.   The case was transferred to the district court.

Plaintiffs charged that on the 4th day of April, 1882, they delivered the cylinder to appellant's agent at Grand Saline, Van Zandt county, Texas, to be transported to Baltimore, Maryland, for repair or duplication, and that they prepaid the charges, amounting to $17.75; that appellant contracted and bound itself in writing on that day to forward the same to Baltimore without delay.

They allege that the cylinder was a necessary part of their steam, saw and grist mill; that they could not operate the mill without it; that they ground corn and cut lumber with the mill, and that it yielded them an income of $30 per day; that they had an abundance of work on hand to keep the mill employed every day; that by reason of the negligence of appellant, and its wilful disregard of the contract, they were thrown out of employment, and were actually damaged $30 per day for said thirteen days, making the sum of $390; that they were compelled to make two trips to Grand Saline to look after and load the cylinder, to their further damage $25.

Appellant answered by general and special exception and general denial.

Verdict, to wit:  "We, the jury, find for the plaintiff thirty (30) dollars per day for nine (9) days, $270, and twelve and one-half (12½) dollars per day for two (2) days.  Total, $295.  Judgment being for $295 and costs."

C. B. & S. B. Kilgore, for appellant, cited: Ins. Co. v. Lacroix, 45 Tex., 158; Calvit v. McFadden, 13 Tex., 324; De La Zerda v. Korn, 25 Tex. Sup., 188; Daniel v. Tel. Co., 61 Tex., 456; White & Willson's Civil Cases, § 374.

No brief on file for appellees.

Watts, J. Com. App.— Every material issuable fact must be alleged in order to admit the necessary evidence in support of it. Thompson v. Thompson, 12 Tex., 327; Mims v. Mitchell, 1 Tex., 443; Lemmon v. Hanley, 28 Tex., 219.

To authorize a recovery for the loss of profits, as damages, occasioned by suspension of their milling operations, it was essential for the appellees not only to prove that such suspension was caused or rather continued by the failure to promptly forward the cylinder, but also that such facts had been communicated to appellant as would have reasonably indicated the result which would or might have been expected to flow from a delay in forwarding the same. Such elements of damage would not necessarily result from such delay. Nor are they such as might be reasonably supposed to have entered into the contemplation of the respective parties, at the time the contract was made, as the probable result of its breach. Hadley v. Baxendale, 9 Exch., 353; Jones v. George, 61 Tex., 349.

As these facts were such as it was necessary to establish by evidence before a recovery could be had for such elements of damage, it inevitably follows that it was equally necessary that they should have been alleged.

From this conclusion it will be seen that the court erred in permitting the appellee, Tom Darnell, to testify, over the objections of appellant, that he informed the agent at the time the cylinder was delivered that their "mill was idle," and they "in a hurry to get it forwarded to Baltimore."

In reference to the rule for the measure of damages, it is sufficient to quote from Hadley v. Baxendale, supra: "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiff to the defendants, and thus known to both parties, the damages resulting from the breach of such contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party

breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would generally arise, and in the great multitude of cases not affected by any special circumstances from such a breach of contract."

The other questions presented are such as need not be considered. Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.