## G., C. & S. F. R'Y Co. v. J. F. WILHELM.

### (No. 5839.)

APPEAL from Runnels County.    Opinion by WILLSON, J.

J. W. TERRY, counsel for appellant.

SPOONTS & CROSSON, counsel for appellee.

§ 458. *Petition in suit for damages to live-stock in transporting same, held insufficient.* Appellee recovered judgment against appellant for $850, damages for the loss of thirty-one head of sheep, and the depreciation in value of one thousand six hundred and sixty-one other head, while being carried by appellant from Ballinger, Texas, to Chicago, Illinois. The value of the sheep lost is not alleged in the petition, nor is it alleged how much those not lost were depreciated in value. It is merely

alleged that all of the sheep were of great value, and that plaintiff's damage was $850. Appellant excepted specially to the petition for the want of certainty, because it did not allege the value of the sheep lost and the depreciation in value of those not lost. These exceptions were overruled. *Held* error. In order to arrive at and estimate the damages which the plaintiff might be entitled to recover, it was necessary to know the value of the sheep lost and the depreciation in value of those injured. These were material issuable matters, which could not be proved unless alleged, and which had to be alleged and proved to entitle the plaintiff to a recovery. [1 App. C. C. § 1280; Pac. Ex. Co. v. Darnell Bros. 62 Tex. 639.] The petition was perhaps sufficient on general demurrer, but not so when specially excepted to.

§ **459.** *Notice of damages; stipulation in contract of shipment; insufficient plea setting up such stipulation.* Appellant pleaded specially a stipulation in the contract of shipment to the effect that appellee should give notice in writing of his claim for damages to some agent, etc., of appellant, as a condition precedent to his right to recover damages. The plea alleged that such notice was not given, and that appellant had an agent at Chicago to whom such notice could have been given, but did not name such agent, or where he could be found, nor allege that appellee knew the fact that appellant had such agent in Chicago. *Held:* Said special plea was insufficient under the rule laid down in R'y Co. v. Harris, 67 Tex. 166, and special exceptions thereto were properly sustained.

§ **460.** *Stipulation in contract of shipment, as to stock-cars, held unreasonable and invalid.* It was stipulated in the contract of shipment that appellee would accept the cars furnished him by appellant, etc. This stipulation was specially pleaded by appellant in bar of appellee's right to recover for any damage resulting from defective or insufficient cars. *Held:* Such stipulation is unreasonable and invalid. A carrier cannot relieve himself from

liability for loss and injury caused by his own negligence. It is the duty of a railroad company to furnish suitable cars to transport live-stock that it undertakes to carry, and it cannot avoid this duty by contract. [Ogdenburg & Co. v. Pratt, 22 Wall. (U. S.) 123; 1 App. C. C. §§ 774, 1257; Sayles' Civ. Stat. art. 4227b.] The exceptions to said special plea were correctly sustained.

April 20, 1889.           Reversed and remanded.