MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. F. N. HOPKINS.

Decided October 31, 1908.

1.—Contract of Sale—F. O. B. Cars—Title to Goods.

When goods are sold at a certain price f. o. b. cars at place of shipment, but the consignee has the right of inspection and approval before accepting them, the title to the goods remains in the consignor until the goods are accepted by the consignee.

2.—Carrier of Freight—Error in Waybill—Notice of Contract—Special Damages.

A carrier had notice at the time it received certain goods for transportation that they were sold subject to inspection by the consignee, and was instructed to allow said privilege; through the negligence of the carrier in preparing the waybill the right of inspection was denied the consignee upon arrival of the goods at their destination and the goods were damaged by delay in their delivery; the consignee refused to receive the damaged goods and they were sold to the highest bidder. Held, the special terms of the contract between the consignor and consignee having been made known to the carrier, it was liable for the damages resulting from its breach.

3.—Contract—Breach—Duty to Lessen Damage—Labor on Sunday.

The delivery of a shipment of perishable goods having been wrongfully delayed by a carrier until too late on Saturday afternoon to inspect and unload them on that day, the owner of the goods was not required to unload the

goods on Sunday to lessen the damage to the goods and the consequent liability of the carrier.

### 4.—Evidence—Account Sales.

In view of other evidence in the record stated and considered, held, that certain copies of account of sales of goods received by a broker for sale on consignment, were properly admitted in evidence as against the objections that they did not show on their faces that they were true statements of the matters they purported to show, and were not verified by any witness as being true and correct within his own knowledge.

Appeal from the County Court of Wood County. Tried below before Hon. J. O. Rouse.

*Coke, Miller & Coke* and *Stafford & Geddie,* for appellant.—The measure of damages in this case was the difference in the market value of the potatoes at the time they should have been delivered to consignee and the market value of the potatoes in Kansas City at the time they were tendered to consignee. Texas & Pacific Ry. Co. v. Nicholson, 61 Texas, 496; San Antonio, etc., v. Thompson (Tex. Civ.), 66 S. W., 792; Gulf, etc., Ry. Co. v. Pettit, 3 Texas Civ. App., 589.

The certificates of purchase attached to the deposition of the witness C. E. Walker failing to show on their faces that they were true and correct statements of the matters they purported to show, and the witness having failed to verify them as within his own knowledge to be true and correct records of the matters they purported to show, they were inadmissible as evidence on any issue in the case. Mathis v. Pridham, 1 Texas Civ. App., 58; 2 Ency. of Evidence, p. 902.

*Bozeman & Campbell,* for appellee.—The evidence shows clearly and beyond dispute, as alleged in appellee's petition, that appellant knew of the contract of shipment with its conditions between appellee and Walker-Brewster Grocery Company, and also knew of the importance of a prompt delivery, and that said articles were for a particular purpose, and that the character of the goods were such as to charge notice to appellant of a prompt delivery. Pacific Express Co. v. Darnell, 62 Texas, 639; Wells, Fargo Express Co. v. Battle, 6 Texas Civ. App., 532; Gulf, C. & S. F. Ry. Co. v. Gilbert, 4 Texas Civ. App., 367; St. Louis S. W. Ry. Co. v. Cates, 15 Texas Civ. App., 135; White v. Matador Land & Cattle Company, 75 Texas, 468; Waples & Co. v. Overaker & Co., 77 Texas, 11.

Where a consignment or sale is made on condition, title does not pass until such condition is performed. Prendergast, Smith & Co. v. Williamson, 6 Texas Civ. App., 731; Porter's Laws on Bill Ladings, sec. 480.

BOOKHOUT, ASSOCIATE JUSTICE.—Plaintiff brought this suit in the court below for damages in the sum of three hundred dollars, and alleged that on the 13th day of June, 1906, he entered into a contract with Walker-Brewster Grocery Company, brokers of Kansas City, by which he sold to said brokers two cars of potatoes to be delivered f. o. b. cars at Alba, Wood County, Texas, at the price of 70 cents per bushel, said potatoes consisting of approximately 893 bushels. That the agent

of the appellant at Alba knew of the terms of the contract and the character of the goods shipped, and was instructed to mark on the waybill, "allow inspection," so that the consignee would be allowed to inspect said potatoes. That the agent failed to so mark the waybill, and when the potatoes arrived at Kansas City on the morning of the 15th of June, 1906, the agents of the carrier there refused to allow inspection, and that thereby the delivery of the potatoes was delayed, and the consignees refused to accept the same and breached the contract, and that the plaintiff had to allow, or did allow, the consignees to handle the potatoes on consignment, and that plaintiff realized $330.45 only for said potatoes, and here sues for the difference in the contract price and the amount that he received for the potatoes, and, in the alternative, for damages in the sum of three hundred dollars for failure to properly mark the billing for said freight.

The case was tried before the court, and judgment rendered by the court for the sum of $294.54, the difference in the price that appellee was to have received for the potatoes from the consignees under the contract between them, and the amount of money remitted to the appellee by the commission men to whom he delivered the potatoes. From this judgment appellant prosecutes this appeal.

1. It is contended that the court erred in overruling defendant's general demurrer to plaintiff's amended original petition because said petition showed upon its face that the plaintiff had no such interest in the subject-matter of this cause as entitled him to sue. The petition alleged that heretofore, about June 13, 1906, plaintiff delivered to defendant, its agent and employes at Alba, Texas, 607 sacks of Triumph Irish Potatoes, approximating 893 bushels, consigned to Walker-Brewster Grocery Company, Kansas City, Missouri, and received a bill of lading therefor expressly providing that said consignees should be allowed to inspect said potatoes before acceptance thereof; that prior to said consignment he had negotiated a sale with said consignees, Walker-Brewster Grocery Company, at 70 cents per bushel f. o. b. Alba, Texas, and that the consignment was in accordance with said contract and agreement with said consignees. It was further alleged that the agent of appellant knew at the time of shipment of the terms of the contract between appellee and the consignees, Walker-Brewster Grocery Company, and of the importance of the stipulation in the bill of lading allowing the said consignees the privilege of inspecting said potatoes before acceptance thereof by them. We think it clear from the petition that the title to the potatoes was not to pass until they were delivered at Kansas City, Missouri, and the consignees had inspected and accepted the same. The petition did not show on its face that the title of the potatoes passed out of plaintiff by their delivery on board of the cars at Alba, Texas, and the court properly overruled the exceptions.

2. It is contended that the petition did not allege the proper measure of damages; that the true measure of damages was the difference in the market value of the potatoes at the time they should have been delivered to consignees in Kansas City and the time they were actually tendered to consignees. We do not concur in this contention. As stated, the petition alleged that at the time of the shipment the defendant company knew of the contract of sale between plaintiff and

Walker-Brewster Grocery Company, and the importance of prompt delivery, and of allowing consignees the privilege of inspection. The bill of lading delivered at the time to the plaintiff stated that inspection was to be allowed the consignees, but the waybill did not, by reason of the agent's negligence, mention this fact, and because of this failure the defendant refused to permit the consignees to inspect the same. The special terms of the contract between plaintiff and the consignees having been communicated to the carrier, the appellant became liable for the damages resulting from its breach. (Pacific Express Co. v. Darnell, 62 Texas, 639; Wells, Fargo Co. v. Battle, 5 Texas Civ. App., 532.)

3. Error is assigned to the court's action in overruling a demurrer to the petition in effect, that the same was insufficient wherein it sought a recovery of defendant for the damages to the potatoes after they were turned over to Walker-Brewster Grocery Company. The shipment reached Kansas City on Friday morning of June 15th. The potatoes were delivered on the afternoon of Saturday, June 16th. They were not unloaded from the car until Monday, the 18th. The petition alleges that the potatoes were damaged by the sun and exposure to the weather. The consignees, Walker-Brewster Grocery Company, having the right of inspection before acceptance of the potatoes, and inspection having been refused by the appellant until too late to inspect or unload them on Saturday, and the consignees having unloaded them on Monday and disposed of them on commission, the carrier was responsible for the damages up to the time that the consignees took charge of the same on Monday morning. They were not required to unload the potatoes on Sunday to lessen the damage accruing to them by reason of appellant's negligence. There was no error in overruling the exception to the petition.

4. The seventh assignment of error is to the effect that the court erred in admitting as evidence and considering in the rendering of his judgment, of the two certificates of purchase attached to the deposition of C. E. Walker and marked "Exhibit A," over the objections of the defendant and the motion of the defendant to suppress and strike said certificates out; because said certificates did not of themselves show that they were correct and truthful statements of the expenses incurred in handling said potatoes by Walker-Brewster Grocery Company.

The proposition presented under this assignment is that the certificates of purchase attached to the deposition of the witness C. E. Walker, failing to show on their faces that they were true and correct statements of the matter they purported to show, and the witness having failed to verify them as within his own knowledge to be true and correct records of the matters they purported to show, they were inadmissible as evidence on any issue in the case.

C. E. Walker testified that he was president of Walker-Brewster Grocery Company, and resided at Kansas City. That the potatoes were in the cars on appellant's railroad tracks in Kansas City until Monday, the 18th of June, when they examined them and found them in an inferior condition and beginning to rot; that they refused to accept them on the contract; that plaintiff then delivered them to his company to be handled on a consignment basis and the railroad company was so instructed.

That they were exposed to the sun and weather for four days standing in defendant's yards. That the potatoes were damaged 33 cents per bushel on account of rot and unfitness for market. That after the potatoes were turned over to them to be handled on consignment, they disposed of them on consignment for account of plaintiff and rendered an account of sales on this basis, charging him regular commission. There were two certificates, one showing a sale of 303 sacks of potatoes sold on account of F. N. Hopkins, Alba, Texas, for $326, showing the charges of Walker-Brewster Grocery Company to be $32.65, and freight $126.40, leaving net proceeds $167.55. The other showed a sale of 304 sacks of potatoes for $313, and charges of Walker-Brewster Grocery Company $31.50, and freight $118.80, net proceeds $162.90. Plaintiff testified that he received from Walker-Brewster Grocery Company $330.45 for the potatoes. Walker-Brewster Grocery Company, at the time they paid the plaintiff, also enclosed him an account of sales, being the original account of sales of which the certificates read in evidence were copies. The plaintiff in his pleading alleged that he turned the original account of sales over to the railroad and notified the defendant to produce the same on trial, or secondary evidence of the contents of the same would be introduced by plaintiff. No objection was made to the certificates on the ground that they were not the originals. The objection to their introduction was that they were not verified by any one as being true and correct. The certificates purported on their face to be accounts of sale of potatoes sold by Walker-Brewster Grocery Company for the account of F. N. Hopkins, of Alba, Texas. The number of sacks correspond with the number of sacks specified in the bills of lading. They show that the potatoes sold for an aggregate sum of $634; that the grocery company charged for its services $63.95, which the testimony shows was the usual charge. The freight was $341.45, leaving the net proceeds $330.45. The evidence was that the market value of potatoes in Kansas City on Monday, June 18th, was 60 cents per bushel. It further shows that these potatoes had diminished 33 cents per bushel by exposure to the sun and weather while on the railroad tracks in Kansas City. There was no error in admitting the certificates in evidence. The evidence was sufficient to support the judgment and the same is affirmed.

*Affirmed.*