## JOHN CHRISTENSEN & CO. v. McNEIL.
### (No. 8347.)

(Court of Civil Appeals of Texas. Galveston. April 10, 1923.)

**1. Judgment ⟨key⟩255—Taking prices of cars as set out in petition for commissions without evidence, in determining sum due agent, held error.**

In an action on a contract by an agent to sell automobiles for commissions on the prices of automobiles sold, determining the amount due by taking the prices as set out in the petition without evidence that they were correct was error.

**2. Appeal and error ⟨key⟩1177(7)—Where judgment reversed for error not called to attention of plaintiff and which can be corrected, case will be remanded.**

In an action on a contract by an agent to sell automobiles for commissions on the prices of automobiles sold, where there was no evidence as to the prices, a judgment for plaintiff will be reversed; but in view of the facts that the error was not called to his attention, and that it is apparent such proof can be made, it will be remanded for a new trial.

Appeal from Galveston County Court; E. B. Holman, Judge.

Action by S. V. McNeil against John Christensen & Co. From judgment for plaintiff, defendants appeal. Reversed and remanded.

Stewart, De Lange & Milheiser, of Houston, and William Seipel, of San Antonio, for appellants. Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellee.

LANE, J. This suit was brought by appellee, S. V. McNeil, against John Christensen and A. J. Rasmussen, who were doing business under the firm name of John Christensen & Co., to recover the sum of $351 alleged to be due the plaintiff as commission based on the sale price of 21 automobiles sold in Brazoria county, Tex., prior to August 7, 1919, but delivered to the purchasers after said date.

[1] Plaintiff substantially alleged that on or about the 15th day of January, 1919, the defendants entered into a contract with him by the terms of which it was agreed that plaintiff should act as agent for defendants in the sale of automobiles, trucks and Fordson tractors, in Brazoria county, Tex., and that defendants would pay plaintiff 3 per cent. on the sales price of each of such machines sold in Brazoria county when delivery was made to the purchaser; that plaintiff entered into the performance of his duties under said contract on said 15th day of January, 1919, and continued to perform same until the 7th day of August, 1919, at which time the defendant terminated said contract; that during the life of said contract many automobiles were sold; that defendant paid him his commission on all of the automobiles sold and delivered up to the 7th day of August, the date of the termination of said contract, but refuses to pay him his commission on 21 automobiles sold during the life of the contract, which were delivered to the purchasers after defendant had terminated the contract, which said commission amounts to $351. Plaintiff also set out in his petition a list of the names of the purchasers to whom delivery was made after August, 1919, the place of their residence, the date of the sale of the automobiles, and the sale price thereof.

Defendants answered by general denial, and by special denial of each of the allegations of the plaintiff. They specially alleged the termination of the contract on the 2d day of August, 1919, and say that on said 2d day of August they paid plaintiff $201.75 as full settlement of any and all claims plaintiff had or might have against them for salary, commissions, or any other sums due or to become due under their contract with him, and that there was never at any time any agreement on their part to pay plaintiff any commission on any machine or machines delivered to purchasers after August 2, 1919. The cause was tried before a jury, who in

---

answer to special issues submitted to them found:

(1) That there was an agreement between the plaintiff and the defendants that plaintiff should receive commissions on all cars sold and delivered in his territory (Brazoria county) during the term of his employment; and on all cars sold in said territory during his employment and delivered after such employment had been terminated by defendants on the 7th day of August, 1919.

(2) That the payment made by the defendants to plaintiff on or about the 2d day of August, 1919, was not a payment in full settlement of all amounts earned by plaintiff during his employment.

Upon the answers of the jury to the two special issues submitted and the evidence adduced, the court rendered judgment in favor of the plaintiff against defendants for $286. From the judgment so rendered the defendants have appealed.

We think there was sufficient evidence to support the answers of the jury to the two issues submitted to them. Indeed, we do not understand that appellants are now making any contention to the contrary. We shall therefore refrain from a discussion of these matters.

By assignments 1 to 6, inclusive, appellants substantially insist that the court erred in not rendering judgment in their behalf, and in rendering judgment in favor appellee in any sum whatever, in that there was no evidence upon which to base a judgment in favor of appellee. We agree with appellants that there was no evidence upon which the judgment in favor of appellee could be based, in that there was no evidence showing the sale price of the machines sold in Brazoria county. While there was evidence to support a finding that the contract as alleged by appellee was in fact entered into between the parties, that appellee performed his duties under the contract during its existence, and that 17 cars, trucks, and tractors were sold in Brazoria county during appellee's employment under said contract, which were delivered to the purchasers after the termination thereof, there was no evidence showing what the sale price of the several machines so sold and delivered was as a basis for computing appellee's commission.

Appellee, plaintiff in the trial court, as before stated, alleged that there were sold in Brazoria county during his employment 21 machines, which were, after his contract had terminated, delivered to the purchasers. He set out in his petition a list showing the names of the purchasers, their place of residence, the date of the several sales, a description of the several machines, and the price at which each machine was sold. He alleged that his commission for making sale of such machines was $351, and that no part thereof had been paid.

The only evidence offered for the purpose of showing the sale price of the machines was the deposition of Hiram Colbert taken in May, 1920, eight or ten months before the present suit was brought, to be used in another and different suit; it being agreed by the parties that said deposition might be used as evidence in the present suit.

Hiram Colbert by said deposition, testifying in said other suit about sales of automobiles by the present appellants, gave the names of the same persons whose names are set out in the list in the plaintiff's petition, and stated that 17 cars sold while the plaintiff was employed by the defendants were sold to said persons, and were delivered after such employment had been terminated. In other words, he was testifying about the same list of cars set out in the plaintiff's petition; but he does not state the price for which said cars were sold. There is no evidence, so far as we have been able to discover, that shows the price for which the cars were sold. Therefore there is nothing upon which to base a calculation in fixing the commission claimed by appellee.

It is apparent, we think, that in determining the sum due appellee the trial court took the prices of cars as set out in the plaintiff's petition. This was error, because there was no evidence that the prices set out in said petition were in fact the prices for which the cars were sold.

[2] There being no evidence in the particulars pointed out whereby the judgment can be supported, it must be reversed; but in view of the fact that the plaintiff's attention was not directed to his evident inadvertent failure to prove the sale price of the cars, and in view of the further fact that it is apparent that such proof can be made, we think justice demands that upon such reversal the cause should be remanded for another trial, and it is so ordered.

We have examined the other assignments and overrule them without discussion.

Reversed and remanded.