**GREEN et al. v. LA RUE OIL ASS'N et al.**
**(No. 2424.)**

(Court of Civil Appeals of Texas. Amarillo.
March 18, 1925. Rehearing Denied
May 6, 1925.)

1. **Joint-stock companies and business trusts** ⚖️15(1)—**Shareholders of joint-stock association liable for debts of association.**

Shareholders of joint-stock association, formed by a trust agreement, are liable for valid and existing debts of association, contracted without an agreement with creditor that he shall look alone to property and funds of association.

2. **Joint-stock companies and business trusts** ⚖️18—**Seller of goods to joint-stock association held not estopped to maintain action for price by release of lien against company's property.**

Seller of goods to joint-stock association *held* not estopped to maintain action for price by release of his lien against properties of association, in view of agreement of certificate holders of association to take care of plaintiff's claim.

3. **Parties** ⚖️48—**Pleading** ⚖️15—**Pleadings of interveners governed by rules of practice applicable to pleadings of plaintiff; interveners may make pleadings of plaintiff basis for their recovery.**

Interveners occupy position of plaintiffs and are governed in their pleadings by rules of practice applicable to pleadings of plaintiff, and by adoption interveners may make pleading of plaintiff basis for their recovery.

4. **Pleading** ⚖️15—**Pleadings of plaintiff not adopted by interveners unless language sufficiently certain to show such intention.**

Interveners in adopting pleadings of plaintiff must use language sufficiently definite and certain to reveal an intention on their part to make pleadings of plaintiff, so far as applicable to their cause of action, their own.

5. **Pleading** ⚖️15—**Language used by interveners held not to show an intention to adopt petition of plaintiff as their own.**

In seller's action for price, in which parties claiming an interest in the debt intervened, language used in their petition of intervention, which was insufficient as an independent pleading, *held* not to show that they affirmatively and in effect adopted petition of plaintiff as their own.

6. **Pleading** ⚖️212—**Demurrer to plea of intervention presumed waived, where not acted on by trial court.**

Demurrer to plea of intervention would be conclusively presumed to be waived, where it was not acted upon by trial court.

7. **Appeal and error** ⚖️171(3)—**Judgment for defendant against interveners reversed, though plea of intervention insufficient.**

Judgment for defendant against interveners, in seller's action for price, will be reversed, though interveners' petition was insufficient as an independent pleading and failed to show that they affirmatively or in effect adopted petition of plaintiff, where case was tried in court below on theory that plea of intervention was sufficient.

Randolph, J., dissenting in part.

Appeal from District Court, Wilbarger County; J. V. Leak, Judge.

Action by W. R. Waggoner, doing business under the firm name of the Waggoner Refining Company, against the La Rue Oil Association and others, in which S. L. Green, D. R. Eakin, and another intervened. Judgment for plaintiff as against certain defendants, and for defendants against interveners, and named interveners appeal. Reversed and remanded.

W. L. Scott, of Olney, for appellants.

Bonner & Storey and Berry, Stokes & Killough, all of Vernon, for appellees.

JACKSON, J. This suit originated in the district court of Wilbarger county, Tex.

W. T. Waggoner, plaintiff, doing business under the firm name of Waggoner Refining Company, sued the La Rue Oil Association as a joint-stock company, with T. H. Lavoy, Ben M. Wood, and T. L. Hull, as trustees, and J. W. McCrary, Lon Byers, J. H. Kincheloe, J. A. Dixon, W. S. Bourland, F. G. Dean, J. E. Doran, John E. Foster, Joe Forrester, M. F. Forrester, F. A. Gelhausen, W. H. Hampton, J. A. Kincheloe, H. J. Miller, Alex Streit, Anderson Smith, and C. S. Schmoker, defendants.

Plaintiff alleged that he sold and delivered to the La Rue Oil Association goods, wares, and merchandise, specified in the account attached to his petition, for which said defendants promised to pay the items aggregating the sum of $6,424.50, with interest at the rate of 6 per cent. per annum from January 1, 1921; that the La Rue Oil Association is a joint-stock company, with a written declaration of trust, or articles of association, duly executed and recorded in Wichita county; and that the defendants were stockholders therein, and liable to plaintiff for his debt as partners.

J. H. Davis intervened in said suit, and adopted plaintiff's petition; but he is making no complaint here of the judgment of the court below.

S. L. Green and D. R. Eakin, by permission of the court, also intervened, and alleged that plaintiff sold and assigned to J. H. Davis, and that J. H. Davis, for a valuable consideration sold and assigned to them, an interest in the debt set out in plaintiff's petition, to the extent of $5,000, and that they were the owners and holders of said debt to the amount of said sum, and prayed:

"That upon a hearing hereof, they be decreed to be the owners of so much of the judgment recovered by plaintiff herein as represented the equivalent to the sum of $5,000, and

for their costs herein expended, and other relief."

In his amended petition filed after the foregoing interventions, and after defendants' answer, a statement of which is hereinafter made, plaintiff, by an amended petition, admitted the sale and assignment of said claim to the extent of $5,000 to J. H. Davis, and asked judgment for $1,424.50, with interest on all of said debt, costs, etc. In addition, he also alleged, in the alternative, that if he was not entitled to recover from defendants as partners, that he sold and delivered the goods to the defendants, as principals, acting through their agents, for which, as principals, the defendants were liable; that he was not estopped from asserting his debt by reason of the release of the lien pleaded in defendants' answer, because plaintiff's lien was inferior to a prior one which had been foreclosed against the property covered by his lien, and that the La Rue Oil Association had no other property at that time, nor thereafter;. that the validity of the lien superior to the one he released had been determined by the district court of Wilbarger county, in cause No. 3167, in which cause J. A. Dixon, Lon Byers, Joe Forrester, and others admitted they were stockholders in the La Rue Oil Association, and by said pleading, and a certain contract entered into between themselves and other stockholders and J. H. Davis, the defendants are now estopped to deny being stockholders in said association.

Defendants answered by general and special exceptions, general denial, denied partnership, and that the account was just and true, by a verified plea. They also answered that the La Rue Oil Association was a trust estate, without partnership liability; that the terms and provisions of the articles of association, which had been duly recorded, required plaintiff to look alone to the funds and property of said association for his debt; that they are not members or certificate holders of the association which was created in 1918 by others; that defendants have had no voice in, and exercised no control over, the affairs or assets of the association; that said articles provide against the personal liability of certificate holders for the obligations of the association, and for the trustees to give due notice of the limited liability of shareholders; and that in every written contract entered into in behalf of the association, reference shall be made to the declaration of trust, and shall contain a covenant that the party contracting with the association will look only to the funds and property of the association for all obligations incurred by the trustees, of all of which plaintiff and interveners had both actual and constructive notice.

Defendants interpleaded a great many others alleged to be shareholders, asking judgment over against such interpleaded shareholders for their proportionate liability, in the event defendants were held liable; but as no complaint involving the disposition of such controversy is before this court, no further notice thereof will be taken.

The defendants also pleaded: That since the institution of this suit, J. H. Davis and J. F. Davis, desiring a release of a certain lien existing against the property of the La Rue Oil Association, known as the Tank Rogers Farm Mineral Lease, which had been created in favor of plaintiff to secure the indebtedness sued on, said Davises had paid to plaintiff the sum of $5,000 to be credited on said indebtedness, in consideration of which payment the plaintiff had released his lien, and the said Davises were permitted to dispose of the property covered by said lien, which lien was valid, and the property covered thereby sufficient to pay the debt sued on, and plaintiff should be required, before resorting to action against these defendants, to look to said property, and by reason of the release of said property from said lien, plaintiff and interveners are estopped to assert any cause of action against them. That the property known as the Tank Rogers Farm Lease was of the value of $40,000, and was sold by J. H. Davis under a deed of trust for the totally inadequate sum of $6,000, at which sale J. H. Davis was the purchaser. That the defendants immediately filed suit to set aside such sale because of the inadequacy of the price paid, and thereafter J. F. Davis instituted suit against them for an alleged indebtedness of $22,000, consisting of claims against the La Rue Oil Association, claimed by the said J. F. Davis by assignments from various parties, and while these two suits were pending, J. F. Davis and Ben M. Wood, the president and trustee of the association, and agent and attorney for said Davises, promised and agreed that if defendants would withdraw the suit contesting the sale of the property, the suit for the $22,000 would be withdrawn by Davis, and the obligations sued on would be canceled, and in addition thereto, the said J. F. Davis would satisfy all other claims of said association, except the obligation of the plaintiff involved in the present litigation; and said parties further represented to these defendants that there were ample credits and property of the association with which to satisfy the claim of plaintiff, and agreed to furnish facts to establish such credits sufficient to defeat the claim here sued on. That the Davises were not the owners of the obligations claimed to be assigned to them and upon which they had sued these defendants, and one Cull has instituted suit against these defendants for more than $3,500, which was one of the claims included in the $22,000 suit by Davis against these defendants. That notwithstanding these promises and obligations, these defendants are forced to defend themselves against the Cull suit, and J. H. Davis and the other interveners are now fraudu-

lently seeking to recover against them a portion of the claim involved in plaintiff's suit, "and have adopted, by their pleas of intervention, plaintiff's alleged cause of action, to the extent of $5,000." That the defendants were induced by false representations to abandon their suit contesting the sale of the property of the La Rue Oil Association under the lien of J. H. Davis, and were induced by fraud to permit the judgment to be entered against them for the title and possession of the property covered by plaintiff's lien, and by reason thereof plaintiff and interveners are estopped to recover against them, and they ask by way of cross-action, by reason of the fraud perpetrated upon them by J. H. Davis, a recovery of $10,000 damages.

Interveners S. L. Green and D. R. Eakin replied to the answer of defendants, and by denials joined issue on all the defenses urged in said answer, denied the agency of Ben M. Wood, J. H. Davis, and J. F. Davis, or either of them, to act for or represent said interveners, and averred that Ben M. Wood, as president and trustee of the La Rue Oil Association, was the agent and representative of the defendants, and allege that at the time of the settlement of the two suits pleaded in defendants' answer, all parties recognized the validity of the claim of the plaintiff Waggoner. They also alleged: That said settlement was by a contract in writing. That J. F. Davis was the owner of a $6,000 debt, secured by a lien against the property of the La Rue Oil Association, which he was advised at the time of its acquisition by him was a first lien, but in fact many other liens superior to his existed against said property, and to protect his debt he was forced to buy such other claims, of all of which the defendants were cognizant at the time the settlement was had. That at the sale under the lien held by J. F. Davis, the property was bought at public sale, was open and fair. That among the claims held by J. F. Davis against said association by proper transfer, he had acquired one for about $3,000 from George C. Cull, which claim was settled and embraced in the contract marked "Exhibit A," and here referred to, and that George C. Cull and another pilfered from the safe of J. F. Davis the written evidence of the transfer of said claim to Ben Wood, from whom it was acquired by J. F. Davis, and the said Cull filed the suit referred to in defendants' answer, but that such suit was without merit. That J. F. Davis intervened and pleaded his responsibility and readiness to take care of any judgment that was rendered therein, and which suit is still pending, all of which, however, is a matter between J. F. Davis and the defendants, because these interveners S. L. Green and D. R. Eakin are innocent purchasers for value of an interest in the claim of plaintiff to the extent of $5,000, which they took without notice of any defense, offset, or defect, and relied on the written con-

272 S.W.—40

tracts relative to the settlement of the suits referred to, and these defendants are estopped to set up the matters they now urge as a defense against these interveners.

The interveners further deny the validity or right in the cause of action brought by the defendants to set aside the foreclosure sale had under the deed of trust by J. H. Davis, and represent that such suit was brought at the instance of Ben Wood and other defendants for the purpose of clouding the title, and forcing J. F. and J. H. Davis to surrender the other claim held by J. F. Davis against the La Rue Oil Association, and in which they succeeded, and by said method secured the release of $22,000 worth of valid claims by contesting the sale of the property and clouding the title thereto, and to which property defendants had no legitimate claim.

The contract attached to the reply of interveners and referred to in defendants' answer provides that J. F. Davis and J. H. Davis, called parties of the first part, and Lon Byers, J. A. Dixon, J. W. McCrary, and Alex Streit, for themselves and the certificate holders of the La Rue Oil Association, are called parties of the second part, and after identifying the suits and giving succinctly the contention of the respective parties, stipulates that in consideration of the dismissal by parties of the second part of the suit contesting the validity of the sale of certain property of the La Rue Oil Association theretofore had by J. H. Davis under a trust lien, and release of said property to first parties, that the suit of first parties against second parties, involving $22,000, claimed by first parties against second parties, should be dismissed, and second parties released from all obligation thereon. It further provides that second parties are released from other claims in said contract mentioned, and from any and all other claims and debts outstanding against second parties, including the expense of litigation, should any arise over any such claims, and especially stipulates "it is agreed" as to the claim of W. T. Waggoner Refining Company, in the event suit is brought thereon and the certificate holders of the La Rue Oil Association are held individually responsible by the court of last resort, for said debt, that second parties will "take care of said judgment in whatever amount it may be to the extent of $6,000, but no more, and if judgment is for a less amount, then only the amount it is, and second parties only agree to do this if they are held individually liable, but if they are not held individually liable, then they do not agree to pay or contribute one cent thereon. * * * and that if any stockholders * * * have to pay any money on any other claim, * * * which first parties may have failed to pay or take care of, * * * first parties agree to reimburse said second parties in such amount or amounts so paid."

No ruling on any of the demurrers or ex-

ceptions of any of the parties was had. The case was tried before a jury, and at the conclusion of the testimony the court instructed the jury to find in favor of plaintiff W. T. Waggoner for the sum of $1,424.50, with interest, against the La Rue Oil Association, Ben Wood, J. A. Dixon, Lon Byers, Anderson Smith, Joe Forrester, C. S. Schmoker, and W. F. Forrester, and against plaintiff in favor of the defendants J. H. Kincheloe, W. S. Bourland, F. G. Dean, J. E. Doran, John E. Foster, F. A. Gelhausen, W. H. Hampton, and H. J. Miller. The court also peremptorily instructed the jury to find in favor of all of the defendants against the interveners.

A verdict was returned and judgment rendered in conformity with these instructions, from which interveners S. L. Green and D. R. Eakin, hereinafter called appellants, prosecute this appeal against the La Rue Oil Association, Ben M. Wood, J. A. Dixon, and Lon Byers, hereinafter called appellees.

Before this court, there is but one assignment of error which we can consider, and that assignment challenges the action of the trial court in giving a peremptory instruction against appellants, and in favor of appellees, because the trial was had before a jury and the testimony offered presented issues of fact for its determination.

[1] That the shareholders of a joint-stock association, formed by a trust agreement, are liable for the valid and existing debts of the association contracted without an agreement with the creditor that he shall look alone to the property and funds of the association, as the debt sued on was in this case, is sustained by many decisions of the courts of Texas, and no good purpose would be served by entering into a discussion of the reasons and principles on which these decisions are based. Victor Refining Co. et al. v. City National Bank of Commerce et al. (Tex. Civ. App.) 263 S. W. 622; Harvey Co., Limited, et al. v. Braden (Tex. Civ. App.) 260 S. W. 655; and the authorities relied on in said cases.

Appellees' contention that although the evidence adduced upon the trial disclosed that certain appellees were at one time owners of stock in the La Rue Oil Association, but prior to the time the debt sued on was created they had been notified by the officers of the association that, unless they remitted an assessment called for, they would be dropped from further participation as shareholders, and, declining to pay this assessment, they considered themselves no longer connected with the company, will not support the action of the court in giving a peremptory instruction against appellants.

If the uncontroverted evidence failed to show that certain of the defendants sued as members were shareholders in the association, a peremptory instruction would be authorized instructing the jury to find for such shareholders; but it would not authorize a peremptory instruction against appellants

in favor of the La Rue Oil Association and the other defendants who, the evidence tended to show, were shareholders.

[2] In view of the contract entered into between J. F. Davis and J. H. Davis, as parties of the first part, and Lon Byers, J. A. Dixon, J. W. McCrary, and Alex Streit, for themselves and the certificate holders of the La Rue Oil Association, by the terms of which defendants bound themselves to take care of the claim of plaintiff to an amount not exceeding $6,000 in the event suit was brought on it and the certificate holders held individually responsible by the court of last resort, and upon which Davis was permitted to take judgment for the title and possession of the property covered by the lien of plaintiff, and in view of the agreement in the record that, in the event interveners should recover judgment, no execution should issue thereon until the case of George C. Cull pending against the defendants had been finally disposed of by a final judgment and the defendants released from all liability thereon, and remunerated in the sum of $250 as attorney's fees, after which interveners should be entitled to an execution, provided this agreement is not to effect the issues as presented by the answer of defendants in this suit, or their right of appeal, the plea of estoppel urged by appellees, based on the release by plaintiff of a lien alleged to have been held by him against the properties belonging to the La Rue Oil Association, cannot be sustained, as a matter of law; the evidence disclosed by the record in this case makes this plea of estoppel depend upon the the existence of certain facts which it was the province of the jury to determine.

Without rehearsing the testimony, we deem it sufficient to say that the evidence offered presented issues of fact which should have been submitted to the jury, and appellants' contention that the court erred in giving a peremptory instruction against them must prevail, unless the judgment of the court can be sustained on the counter proposition of appellees that, because of the insufficiency of the pleadings of appellants to sustain a judgment in their behalf, no other judgment could have been rendered.

[3-5] The appellants, who were interveners, occupy the position of plaintiffs, and are governed in their pleadings in this case by the rules of practice which apply to and control the pleadings of plaintiff, and their petition was insufficient as an independent pleading; but by adoption interveners may make the pleading of the plaintiff the basis for their recovery. Texarkana, etc., R. Co. v. Hartford Life Insurance Co., 17 Tex. Civ. App. 498, 44 S. W. 533. However, to adopt the pleadings of plaintiff, the language used in so doing should have been sufficiently definite and certain to reveal an intention on the part of interveners to make the pleadings of the plaintiff, so far as applicable to their cause of

action, their own, and we are of the opinion that the language used by appellants in their petition of intervention fails to show that they affirmatively, or in effect, adopted the petition of plaintiff.

[6, 7] The demurrer to appellants' plea of intervention was not acted upon by the trial court, and is therefore conclusively presumed to be waived. Appellees, in their answer, alleged that interveners "have adopted, by their pleas of intervention, plaintiffs' alleged cause of action, to the extent of $5,000." Appellants were permitted to introduce testimony tending to prove their cause of action, without objection; the case was tried in the court below on the theory that the plea of intervention by appellants was sufficient.

"The law forbids the assumption of an attitude on appeal inconsistent to that taken at the trial, and on appeal litigants are restricted to the theory upon which the cause was prosecuted or defended in the court below." Boatner v. Providence Washington Ins. Co. (Tex. Com. App.) 241 S. W. 136, and authorities cited; Lemm v. Miller et al. (Tex. Civ. App.) 245 S. W. 91; Kistler v. Latham (Tex. Com. App.) 255 S. W. 983.

The Supreme Court, in Citizens' Nat. Bank v. City of Terrell, 78 Tex. 450, 14 S. W. 1003, says:

"Neither the pleadings nor the proof, in the record before us, present the case so as to authorize a judgment of the nature indicated by us as being proper. Strictly speaking, no judgment, other than the one from which the appeal was taken, could have been rendered. We think it right, however, to give the appellees an opportunity to amend his pleadings, and have the issues so presented as to show what proportion of the debts sued on he may be entitled to recover, under the rules that we here announce. The judgment is reversed, and the cause is remanded."

In Mullaly v. Ivory (Tex. Civ. App.) 30 S. W. 259, it is said:

"The action of this court is in effect to declare that the petition states no cause of action against appellant, and the cause should be remanded to give plaintiff an opportunity to amend, if he sees proper to do so."

In Moon Buggy Co. v. Moore-Hustead Co. et al. (Tex. Civ. App.) 196 S. W. 328, the court says:

"The plaintiff's allegations showed facts which entitled it to the possession of the property, not as owner, but as mortgagee. * * * Under the law, as we understand it, appellant could not recover possession of the buggies as owner; but, it being shown that appellant holds a mortgage on the buggies, it would be inequitable to allow the judgment of the lower court to stand, and it will be reversed, and appellant allowed to amend and allege the proper grounds for relief, and upon which he is entitled to recover."

In accord with the above authorities, we note Combes et al. v. Stringer et al., 106 Tex.

427, 167 S. W. 217; Camden Fire Ins. Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; John Christensen & Co. v. McNeil (Tex. Civ. App.) 251 S. W. 351; Alexander et al. v. Meredith et al. (Tex. Civ. App.) 262 S. W. 111; Cameron & Co., Inc., v. Abbott et ux. (Tex. Civ. App.) 258 S. W. 562.

These authorities hold that the more equitable and better practice is to reverse and remand, rather than affirm, under such circumstances as this record reveals, and therefore we cannot sustain appellees' counter proposition and affirm, because of the insufficient pleadings of appellants.

The judgment is reversed, and the cause remanded.

RANDOLPH, J. (dissenting in part).  I dissent from the opinion of my Associates, for the reasons now indicated, upon the one point—the disposition of the case.

The interveners filed the following petition of intervention, which I set out in hæc verba for the purposes of my discussion of same, and of the action of the trial court in instructing a verdict, to wit:

"W. T. Waggoner v. La Rue Oil Association et al., Defendants.  S. L. Green and D. R. Eakin, Interveners.  No. 3205.  In the District Court, Wilbarger County, Texas.  To the Honorable Judge of Said Court:  Now comes S. L. Green and D. R. Eakin, both residents of Wichita county, Tex., and leave of the court being first had and obtained, file this their intervention, and show the court:

"(1) That heretofore, on the 15th day of January, 1923, the plaintiff herein sold and assigned so much of his said claim as is in said petition described to one J. F. Davis of Electra, Wichita county, Tex., and that thereafter, and on the —— day of ——, 1923, the said J. F. Davis, for a valuable consideration, sold and assigned to the interveners herein an interest in the said debt set out in plaintiff's petition to an amount of $5,000.  That your interveners are the owners and holders of said claim at the time of filing this intervention to the extent of $5,000 as aforesaid.

"(2) That the said J. F. Davis purchased of and from the plaintiff an interest as aforesaid in said plaintiff's claim to the extent of the last-mentioned sum, and paid therefor a valuable consideration, and that, as aforesaid, your interveners are now the owners and holders of said claim to the extent of $5,000.

"Wherefore, your interveners pray that upon a hearing hereof, they be decreed to be the owners of so much of the judgment, recovered by the plaintiff herein, as will be equivalent to the sum of $5,000, and for their costs herein expended and other relief."

Thereafter the plaintiff filed his first amended original petition, being substantially the same as his original petition, but with this addition:

"Plaintiff further alleges that in February, 1923, he assigned $5,000 of this debt to J. F. Davis of Electra, Tex., and that there is still due this plaintiff the balance of said debt of $1,424.50, and interest on all of said debt of

$6,424.50 at the rate of 6 per cent. from January 1, 1921"—with prayer for judgment for said sum of $1,424.50, and interest, and for general relief.

The trial court, upon hearing the cause, instructed the jury to return a verdict in plaintiff's favor for the sum of $1,424.50, and interest, and that interveners recover nothing by their suit. Interveners, by their various propositions, in one form or another, allege such action of the trial court to be erroneous.

It will be seen that interveners' petition does not comply with the requirements of article 1820, V. S. C. S. 1914, which article is as follows:

"The pleading of an intervener shall conform to the requirements of pleadings on the part of plaintiff and defendant, respectively, so far as they may be applicable."

Interveners, by their supplemental plea of intervention, do not strengthen their original pleading, as such supplemental pleading is only for the purpose of replying to matters set up in defendants' answer.

The rule that every issuable fact must be alleged in pleading in order to admit necessary evidence in support of it (Pacific Express Co. v. Darnell Bros., 62 Tex. 639; Val Alstyne v. Bertrand, 15 Tex. 177) requires that the pleading by interveners should state the issuable facts in order to entitle them to recover, and their pleading not doing so, and they not even adopting plaintiff's petition, no ground for recovery is shown as against the defendants at least. The interveners' petition does not name any party defendant against whom a judgment is sought, unless by implication it could be said that they pray for judgment against the plaintiff. Their prayer is that—

"They be decreed to be the owners of so much of the judgment recovered by plaintiff herein, as will be equivalent to the sum of $5,000.00, and for their costs herein expended, and other relief."

They nowhere in such pleading name any party against whom judgment is sought. If they are seeking judgment against the plaintiff or against the defendants they do not say so.

While Green and Eakin, as interveners, occupy the position of both plaintiffs and defendants, this applies to their right to recover as plaintiffs, and to defend as defendants. But one who intervenes must have due regard to the rules of practice that the suit between the original parties shall not be unnecessarily delayed; otherwise the intervention may be considered in the nature of a new suit. Fleming v. Seeligson & Ellis, 57 Tex. 524, 533. In the case of Whitman v. Willis & Bro., 51 Tex. 421, 425, the Supreme Court says:

"Although due regard should be had to advantages of the proceeding by intervention in preventing a multiplicity of suits, yet we should also, as far as practicable, guard against its disadvantages. It is a practice liable to abuse, has a tendency to multiply the issues, imposes frequently great additional labor and responsibility upon the presiding judges below * * * and tends to confusion in the trial of causes."

This being the attitude of our Supreme Court towards interveners and interpleaded parties, I cannot consent to the proposition that an intervener, whose pleading is so defective as not to show a cause of action or the relief sought by him, can intervene in a suit with such pleadings and, when he loses, by taking refuge in an appellate court, have his case reversed, enabling him to replead, and thus delay the disposition of the case.

I am aware that our Supreme Court, this court, and other Courts of Civil Appeals have approved the rule for reversal of cases, as done by the majority in this case, where the appellant was a plaintiff or a defendant, and while I acknowledge the authority of the decisions cited by the majority, I enter my protest to the holding and respectfully dissent from the application of such rule in behalf of an intervener, who thus delays the disposition of the case by the filing of a petition for intervention, which is wholly lacking in the essentials of a petition, answer, or cross-action.

I am of the opinion this case should be affirmed because of the lack of the necessary pleading on the part of interveners.