

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 29, 1960

Mr. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-964

Re: Basis upon which tax on
cigars, levied by Art.
8.02(b) and (c). Title
122A, Taxation-General,
R.C.S., should be cal-
culated.

Dear Mr. Calvert:

Your letter requesting an opinion upon the referenced
topic sets out pertinent details relating to the question and
we therefore quote it in full, as follows:

"Request is hereby made for a formal
opinion as to the proper interpretation
of Article 8.01, et seq., Taxation-
General, V.A.T.S., concerning the
measure of the tax to be applied to the
sale of cigars and tobacco products in
this state.

"As you know, all excise taxes levied
in this state are collected by the
person making the taxable sale. Thus,
a tax imposed on a retail sale is
collected by the retailer and a tax
levied on the first sale is collected
by the distributor.

"The cigar tax is levied on the first
sale in Texas and is collected by the
distributor. Thus, Article 8.02,
Taxation-General, V.A.T.S., provides in
part as follows:

"'There is hereby levied a tax upon
the "first sale" of cigars and tobacco
products as those terms are defined by
the following schedule:

. . . .'

"Article 8.03, Taxation-General, V.A.T.S.,
provides in part as follows:

"'The tax levied herein shall be paid
only once to the State Treasurer by the
person making the "first sale" in this State.'

"The language of the foregoing statutes is
clear and there is no difficulty in deter-
mining that the taxable event with respect
to the cigar and tobacco products tax is
the first sale in Texas, and that the dis-
tributor is the party obligated to collect
same and pay it over to the State.

"The problem arises, however, as to the
measure of the tax so payable. In all other
statutes, the tax is measured by the amount
of the sale which is considered the taxable
event. In the case of first sales, the measure
is the amount of the first sale -- either by
quantity or by price. In the case of retail
sales, the measure is the price of the sale.

"With respect to the cigar and tobacco products
tax the language is not clear as to the measure
of the tax. In the usual situation, cigars
are shipped into this state by the manufacturer
to a distributor who sells them to a retailer.
The words of the statute are as follows:

"'. . . .

"'(b) Upon cigars of all descriptions weighing
more than three (3) pounds per one thousand
(1,000) retailing for not more than three and
three-tenths cents (3.3¢) each, seven dollars
and fifty cents ($7.50) per one thousand (1,000).

"'(c) Upon cigars of all descriptions weighing
more than three (3) pounds per one thousand
(1,000), retailing for over three and three-
tenths cents (3.3¢) each, fifteen dollars
($15.00) per one thousand (1,000).'

"We have construed the incidence of tax to be
imposed upon the distributor based upon the
price at which it is anticipated that the
retailer will sell the cigars. In other words,

under our present interpretation of the statute
the tax is not paid by the distributor based
upon the price for which he sells the cigars to
the retailer, but upon the price at which he
anticipates that the retailer will sell the
cigars.

"With regard to our present interpretation,
we understand that the distributor or the manu-
facturer cannot dictate the price at which the
cigars should be sold at retail because of our
anti-trust laws.  Thus, under our present
interpretation, the distributor is required to
pay the tax only upon an informed guess of what
the retail price may be.  We are informed by
the industry that as a result of our inter-
pretation no cigars fall within the tax pres-
cribed in Article 8.02(b).

"Your opinion is therefore respectfully re-
quested as to whether the tax on cigars should
be based upon the price for which the cigars
are resold by the distributor to the retailer,
or whether it should be based upon the anti-
cipated price for which the cigar is retailed
by the retailer."

It is our opinion that the tax described should be
based upon the price for which the distributor sells the cigars
to the retailer.

The taxable incident here is the "first sale" of
cigars within the State.  "First sale" is defined by Art.
8.01(h) as follows:

"(h) The words 'First Sale' shall mean and
include the first sale or distribution of
cigars or tobacco products in intrastate
commerce in the State of Texas or the first
use or consumption of cigars or tobacco
products within this State."

The distributor making this first sale is required to
remit the tax due on the transaction (Art. 8.03), and to
accompany these remittances with reports to your office on or
before the tenth of each month.  (Art. 8.04).

Art. 8.03(b) and (c), quoted above in your letter,
sets up two classifications of cigars weighing more than three
pounds per 1,000 for the purpose of measuring the tax due:

those "retailing" for not more than 3.3¢ each and those "retailing" for over 3.3¢ each. [1] The term "retailing" is not defined. The normal connotation of the term "retailing" would indicate the amount paid by the ultimate consumer purchasing these cigars from the retail dealer. However, such an interpretation in this case separates the tax base, or the factor upon which the tax is calculated, from the taxable incident, which is the "first sale". If this interpretation were followed, the distributor would be forced to collect a tax measured by the terms of an event which has not occurred; that is, the retail sale to the ultimate consumer.[2] He can only guess at what price the cigar will ultimately be sold, and pay the tax accordingly. Because the report and remittance of tax must be made soon after his sale to the retailer, the measuring event (sale at retail) may actually occur after the tax has already been remitted. Further, we understand that the tax is normally "passed on"; that is, that the distributor simply adds the amount of the tax to the price paid him by the retail dealer. Such collection would also of course have to be made upon a projected estimate of the price at which the cigars in question will finally be sold. Such a construction might well render the tax statute so vague as to make it unconstitutional and void. Western Union Telegraph Co. v. State of Texas, 62 Tex. 630, (1884). However, if we interpret the term "retailing" to mean the price at which the cigars are sold to the retail dealer by the distributor, the uncertainty is removed. The measuring base coincides with the taxable incident, and the amount of tax is fixed as of that time. This is obviously the most reasonable, if not the only practical, interpretation of the Article. It is settled that, to enable a reasonable interpretation of legislative intent words in a statute may be given a possible, though unusual, meaning. State v. Pioneer Oil & Refining Co., 292 S.W. 869 (Tex.Com.App. 1927).

As further substantiation of this view, we note your statement that, under the present interpretation basing the tax rate on retail sales price, no cigars fall within the tax prescribed in Art. 8.02(b); that is, the lower of the two tax

_____

[1] These are the only two classifications of cigars in which price is a factor in determination of the tax due.

[2] As you point out, the distributor or manufacturer may not dictate the mandatory retail price of a cigar because of the inhibitions of our anti-trust laws.

classifications under consideration. This would constitute Art. 8.02(b) worthless legislation and, as has often been said, the Legislature will not be presumed to have done a vain thing. Greene v. Robison, 109 Tex. 367, 210 S.W. 498 (1919). If we measure the tax by the price paid upon the first sale, however, both provisions of the Article come into play in classification for tax purposes and have meaning.

### SUMMARY

The tax on cigars levied by Art. 8.02(b) and (c), Title 122A, Taxation-General, R.C.S., should be calculated upon the price received by the distributor or person making the "first sale" of the cigars in intrastate commerce and not upon the price at which such cigars are ultimately sold at retail.

Yours very truly,

WILL WILSON
Attorney General of Texas

By James R. Irion
James R. Irion
Assistant

JRI:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Bill Allen
Martha Joe Stroud
Joe McMaster

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore